CONTINENTAL CASUALTY COMPANY, COMPLAINANT, APPELLEE, *v.* NASHVILLE & AMERICAN TRUST COMPANY *et al.*, DEFENDANTS, APPELLANTS.

(*Nashville,* December Term, 1932.)

Opinion filed June 24, 1933.

HUME & ARMISTEAD, for complainant, appellee.

JORDAN STOKES, JR. and J. C. R. McCALL, JR., for defendants, appellants.

Mr. Justice Cook delivered the opinion of the Court.

Some time prior to December 13, 1930, the complainant issued its policy for $10,000 insuring Harry Sudekum against loss of life by accidental means and expressly excluding coverage in the event of suicide.

About 6:45 P. M. on December 13, 1930, Mr. Sudekum's body was found suspended from a rope attached to an electric fixture on the wall of his bedroom. Dr. M. G. Buckner, who attended him at one P. M., was called and examined the body at 7 P. M. Dr. Buckner filed the certificate required by the statute then in force and subsequently brought into section 5839 of the Code. In the certificate Dr. Buckner ascribed death to suicide by strangulation. The certificate was filed with the Division of Vital Statistics of the State Board of Health, as required by statutes then in existence and subsequently brought into sections 5827 et seq. of the Code. The certificate became a public record and a certified copy of it would be, according to the statutes brought into section 5863 of the Code, *prima facie* evidence in all courts and places of the facts stated in the certificate.

On October 17, 1931, the coroner of Davidson County reported an inquest held on that date in which the jury found that the insured died as result of external violence or homicide. That record was presented to the Bureau of Vital Statistics of the Department of Health with the request that the record previously made up be corrected to conform with the finding of the coroner. The record of this inquest was filed with the registrar of the Bureau of Vital Statistics. The bill was filed to have the proceedings of the coroner declared void and enjoin the de-

fendants from using the record of the inquest as evidence.

The defendants, by cross bill, asked the court to correct the record of the Bureau of Vital Statistics by supplanting the first certificate by Dr. Buckner with the subsequent certificate of J. R. Allen, coroner.

The chancellor dismissed the cross bill and sustained the original bill to the extent of holding the coroner's inquest void. He said the question of whether the coroner's inquest could be used as evidence was for the determination of the court in which it might be offered. For that reason he refused to perpetuate the preliminary injunction.

We concur with the chancellor upon the result. The record of the Bureau of Vital Statistics made on December 15, 1930, and based upon the certificate issued by Dr. Buckner, could not be changed by the subsequent unrelated coroner's inquest of October 17, 1931. The coroner is only called into play under the circumstances and in the manner prescribed by the statute brought into section 5843 of the Code.

The death certificate was issued by Dr. Buckner, the physician in last attendance on Mr. Sudekum, on the date of his death, December 13, 1930, as required by statutes brought into section 5839 of the Code. When the certificate of Dr. Buckner was filed and recorded by the registrar, it became a public record. Neither the Superintendent of the Bureau of Vital Statistics nor the Commissioner of the State Board of Health had authority to institute an inquest nine or ten months after the record in the Bureau of Vital Statistics was made, and that record could not be supplanted by the unrelated proceeding of the coroner. The subsequent coroner's inquest in so far

as it was designed to impair the verity of the record of the Bureau of Vital Statistics is void.

■ Whether the coroner's verdict as the record of criminal procedure is void is immaterial to this determination. It is sufficient to say that the registrar of the Bureau of Vital Statistics had no authority to file the record of the coroner because it has no place among his records. The chancellor very properly refused to perpetuate the injunction, because the question of whether or not the coroner's inquest could be used as evidence on a trial between the insured and the insurance company over the right to recover the insurance is matter for the determination of the court trying the case.

Affirmed.