DAVIS *v.* WABASH SCREEN DOOR Co. *et al.*

(*Nashville,* December Term, 1946.)

Opinion filed May 31, 1947.

LEON FEUERSTEIN and HERSCHEL FEIBELMAN, both of Memphis, for plaintiff in error.

ALBERT F. JOHNS, of Memphis, for defendants in error.

MR. JUSTICE PREWITT delivered the opinion of the Court.

This suit was instituted in the probate court of Shelby County by the petitioner, Elizabeth Davis, against the

defendants, Wabash Screen Door Company and Aetna Casualty & Surety Company, insurance carrier, under the Workmen's Compensation Act, section 6851 et seq. of Williams' Code.

The petitioner was, at the time of the injury alleged, an employee of the Wabash Screen Door Company, and had worked for the company for more than ten years prior to the injury. During this time she had been working in the weaving department. However, ten days before the injury she was transferred to serve as a sawyer's helper. Her duties consisted of passing small boards to the sawyer and receiving the boards when they had been cut to proper lengths. She was also required to clean the table on which the saw was attached.

The saw was of the circular rotating type and, in the idle position, rested under the level of the table. In order to operate the saw a switch on the wall back of the operator was engaged. This caused the blade of the saw to revolve but did not bring the saw up and forward. Then the operator pressed on a foot lever which brought the revolving saw up and forward where it remained as long as the foot lever was pressed. The saw had no guard.

The petitioner was not required to operate the saw in any manner. She was not told what put the saw in motion, how to operate the switch and foot lever, nor was she given any safety instructions.

On May 28, 1945, at a time when the operator had left the table and the electric switch was off, the petitioner had her right first finger cut off by the saw. She insists that she was cleaning the table at the time of her injury; while the company claims that she was sawing on a small piece of lumber.

The probate judge, in an exhaustive and painstaking written opinion, held that the injury did not arise out of

and in the course of the employment of petitioner. There is material evidence showing that the petitioner was sawing on a small board at the time her finger was cut off.

The probate judge found that petitioner turned on the electric switch herself and undertook to cut a small piece of lumber, and in so doing, cut her finger. When asked by an employee of the company to whom she reported for first aid treatment how the accident happened, the petitioner told him that she guessed the devil got into her and that she under took to saw a board and in doing so lost her finger.

■ It is well settled that the findings of fact by the trial court will not be disturbed on appeal if sustained by any material evidence. *McBrayer* v. *Dixie Mercerizing Co.*, 178 Tenn. 135, 156 S. W. (2d) 408; *Leonard* v. *Cranberry Furnace Co.*, 150 Tenn. 346, 265 S. W. 543.

■ The burden of proof is on the petitioner to show that her injury arose out of and in the course of her employment. *Shockley* v. *Morristown Produce & Ice Co.*, 158 Tenn. 148, 11 S. W. (2d) 900; *Home Ice Co.* v. *Franzini*, 161 Tenn. 395, 32 S. W. (2d) 1032.

■ An injury arises out of the employment when there is apparent to the rational mind upon consideration of all the circumstances a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Mayor and Aldermen of Town of Tullahoma et al.*, v. *Ward*, 173 Tenn. 91, 114 S. W. (2d) 804.

■ In *Leonard* v. *Cranberry Furnace Co., supra,* it was held that liability imposed upon employers is subject to some fundamental limitations; unrestricted hazard would be destructive of enterprise. It is essential that the injury to the employee which the law obligates the employer to compensate for be one that by the exercise of

foresight the employer might have contemplated as a result of engaging in the business and contracting with his workmen; and unless he may reasonably classify his hazards, and select and instruct his workmen with due regard thereto, having in mind the greater or less skill and experience required under varying conditions with assurance that his responsibility may be measured accordingly, his case would be desperate.

In *United States Fidelity & Guaranty Co.* v. *Barnes*, 182 Tenn. 400, 187 S. W. (2d) 610, it was held that if the injury can be seen to have followed as a natural incident of the work, and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment and have flowed from that source as a rational consequence.

The petitioner undertakes to distinguish the instant case from *Leonard* v. *Cranberry Furnace Co., supra,* on the ground that Leonard had been given positive instructions forbidding him to perform certain work. In that case compensation was denied on the theory that Leonard had exceeded the terms of his employment. However, in the opinion, at page 350, of 150 Tenn., at page 544 of 265 S. W., the Court said:

"In Corpus Juris, Advance Pamphlet on Workmen's Compensation Acts, at page 82, under the general head 'In Course of Employment,' subhead 'Acts Outside of Duties,' it is said:

" 'Where at the time of the injury the employee is engaged in a voluntary act not accepted by or known to his employer, and outside of the duties for which he is em-

ployed, the injury cannot be said to be in the course of the employment'—citing authorities.

"And so—'If the accident is due to the man arrogating to himself duties which he was not called on to perform, and which he has no right to perform, then he was acting outside the sphere of his employment, and the injury by accident does not arise in the course of his employment.' Honnold on Workmen's Compensation, p. 399."

In the instant case the probate judge found, and there is material evidence to support this finding, that petitioner was injured while attempting to cut a small piece of lumber with an electric saw. When she turned on the electric switch controlling the operation of the saw the accident occurred. The petitioner was employed as a helper, and though no positive instructions were given her not to operate the saw we think the injury resulted from an act that had no causal connection with her duties, and, therefore, the accident did not arise out of and in the course of her employment.

It results that we find no error in the judgment of the lower court and it is affirmed.

All concur.