MILSTEAD *et al. v.* KAYLOR *et al.*

(*Jackson,* April Term, 1948.)

Opinion filed June 12, 1948.

Rehearing denied July 17, 1948.

644

H. B. DENTON and E. J. HARRIS, both of Bolivar, for plaintiffs in error.

CLAUDE W. CALLICOTT, of Nashville, Tennessee, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is an appeal by the widow and child of a deceased employee of the defendant from the denial of compensation to them in a workmen's compensation case.

Vessie Kaylor, the employer, was engaged in cutting, sawing and hauling timber. The deceased employee, Jefferson Albert Milstead, had been in his service for about a year or more at the time of his death. His duties varied according to the needs of his employer.

On July 9, 1946, the deceased was assisting others in loading timber (stay bolts) on a trailer. As he was attempting to load a piece of this timber he "fell over" and "he was lying there with his chest going up and down that way,—and I went there and he was dying". After the deceased had fallen, as above described by

one of the witnesses, this witness called a doctor. By the time the doctor arrived, the deceased was dead.

At the time of this occurrence it was extremely hot—"awful hot"; "terrible hot".

The record shows without contradiction that the deceased employee was a strong, able-bodied, healthy man who had never had sinking spells or any form of heart trouble. It is the theory of the widow and child that the death of the deceased employee was due to heat prostration or sunstroke brought about by the employee working in this extremely hot weather. The doctor who was called and arrived within a few minutes after death, noted on the death certificate that death was "due to probable heart attack."

No medical testimony was offered by either side. The petitioners contented themselves by showing the above detailed facts. The defendant introduced a certified copy of the death certificate and contented himself on the question of the cause of death with this.

The trial judge dismissed the petition because "the plaintiff failed to show by a greater weight of the evidence that Jefferson Albert Milstead died from heat prostration arising out of his employment . . . but its cause is left to speculation;"

In so far as we are advised it is a universal rule in workmen's compensation cases, as in common-law actions for personal injuries and in civil actions generally, that the burden of proof is on the claimant to prove his case in all its parts by a preponderance of the evidence. We on appeal "do not reweigh the evidence, but search the record only so far as is necessary to determine that there is material evidence to support the finding of the trial judge." *Anderson*

v. *Volz Const. Co.*, 183 Tenn. 169, 191 S. W. (2d) 436, 438.

 The holding of the trial judge here is that the plaintiff has failed to carry this burden and show that the death of Milstead was occasioned by an accident arising out of and in the course of his employment.

"This court has sanctioned the proposition that, where an employee is found dead at his post of labor, without direct evidence as to the manner of his death, an inference may arise of an accident springing out of and in the course of his employment." *Home Ice Co.* v. *Franzini,* 161 Tenn. 395, 32 S. W. (2d) 1032, 1033. In other words a *prima-facie case* for the claimant is thus supported. When such a *prima-facie* case is thus made out the burden shifts to the employer to produce evidence to overthrow such a *prima-facie* case. *Shockley* v. *Moristown Produce & Ice Co.,* 158 Tenn. 148, 11 S. W. (2d) 900.

In the instant case the claimant makes such a *prima facie* case. It is shown without dispute that the employee while at his work in loading this timber on a very hot July day fell and after a few minutes died. It is also shown without dispute that the employee was a strong, healthy, able-bodied man. The evidence negatives any other cause of death except that as claimed. According to the recognized definitions of the terms, "heat prostration, sunstroke or heat exhaustion, death might reasonably have resulted.

"Heat exhaustion, heat stroke, which occurs usually among workers in furnace rooms, in bakeries, foundries, etc., but it also occurs in those exposed to the sun's heat. The temperature becomes subnormal, accompanied by depression or collapse.

"Heat prostration. The same as heat exhaustion.

"Sunstroke. A condition caused by exposure to the sun which is often fatal. It is marked by prostration, a high temperature of the skin, convulsions, and coma." Maloy Medical Dictionary for Lawyers.

■ Under the facts herein in view of the above definitions we feel that the claimant has certainly made out such a case as requires the employer to go forward and negative this *prima facie* case. This may either be done by showing the cause of death or by showing other causes equally probable.

■ Death caused by "heat prostration, sunstroke or heat exhaustion" is compensable in this state. *Patten Hotel Co.* v. *Milner*, 145 Tenn. 632, 238 S. W. 75, *King* v. *Buckeye Cotton Oil Co.*, 155 Tenn. 491, 296 S. W. 3, 53 A. L. R. 1086.

■ The only evidence offered to counter the case made for the claimant is the certified copy of the certificate of death. This shows that death was "due to probable heart attack." This certificate is "*prima facie* evidence of the facts therein stated." Code, section 5827.12

We are to bear in mind that this is not an action in tort but for compensation as an incident of a contract of employment.

■ We have here two conflicting presumptions, one of which is said to offset the other so as to make the cause of death conjectural. This is an erroneous legal conclusion. It is a well established rule that these presumptions "should be measured and that the weaker should be deemed to be overcome by the stronger." 20 Am. Jur., Evidence, section 163; *Nichols* v. *Mutual Life Ins. Co. of N. Y.*, 178 Tenn, 209, 215, 156 S. W. (2d) 436.

■ Recognizing this distinction, it is the duty of the Court to consider the probative force of the respective presumptions.

The presumption or *prima facie* case made out on behalf of the petitioners is based on facts shown (1) that the deceased died on his job; (2) that he was a strong, able-bodied man not subject to heart attacks, and (3) that his death under the circumstances was readily attributable to a compensable injury.

On the other hand, the cause of this death is merely shown by the defendant to be ''due to probable heart attack.'' This fact is not testified to by any individual, but is merely a statement made by a doctor in a death certificate. By statute ''facts'' stated in the certificate are ''*prima facie*'' evidence. The statement here made is not a fact but a speculation. This doctor did not see the deceased until after his death. There is no showing of any investigation by the doctor on which this statement is based. The quoted statement in itself is weak and shows grave doubt. It was, at most, a mere conjecture or possibility.

Our conclusion is that the evidence relied on to establish the rebuttal fact that the deceased died of a heart attack is not sufficient to overcome the case made out by the petitioners.

■■ The defendant, Kaylor, had actual knowledge of the deceased employee's death within a very few minutes after he died, as herein set forth. The defendant knew the circumstances under which the employee died. He then and there had an opportunity to make any and all investigation humanly possible to ascertain the cause of death. According to this record he made no such investigation. Under these facts the trial judge correctly held that written notice under the act (Code section 6872)

was excused. Under the authority of *Tennessee Products Corporation* v. *Gravitt*, 182 Tenn. 54, 56, 184 S. W. (2d) 164, there being some evidence upon which to base this finding, we must affirm the trial judge therein.

For the reasons expressed herein, we must reverse the judgment below and remand the case to ascertain the amount to which claimants are entitled under the Workmen's Compensation Act, and to enter a judgment accordingly.

All concur.

### On Petition to Rehear.

The defendant in error, defendant below, has filed an earnest petition to rehear, wherein he vigorously attacks the conclusion of this Court that there is no material or substantial evidence herein upon which the trial court could find that the cause of death "is left to speculation."

It is asserted by the petition to rehear that this conclusion overrules those cases in Tennessee which declare the rule to be that we on appeal "do not reweigh the evidence." It is said that we have substituted our opinion for that of the trial court whose finding is to be given the weight of a jury finding. It is also said, we, by our conclusions, have overruled those cases in Tennessee which declare the rule to be that when a case concerns a highly specialized branch of science with respect to which a layman would have no knowledge at all, the Court and jury must be dependent on expert evidence alone.

It was not our intention to overrule any case. Nor did we intend to substitute our opinion for that of an expert as to the cause of death.

In the first place what we held was that wherever recovery of compensation by a claimant is sought in a Workman's Compensation case and the claimant estab-

lished a *prima facie* case by evidence, as herein established, then the burden shifts to the employer to produce evidence to overthrow it, or to prove facts establishing an affirmative defense.

In our original opinion we said: "The only evidence offered to counter the case made for the claimant is the certified copy of the certificate of death. This shows that death was 'due to probable heart attack.' This certificate is '*prima facie* evidence of the facts therein stated.' Code, section 5827.12."

 This certificate is merely "*prima facie* evidence in all courts and places of the facts stated in the certificate." *Continental Casualty Co.* v. *Nashville & American Trust Co.*, 166 Tenn. 342, 343, 61 S. W. (2d) 461, 462. All this certificate does is to raise a bare rebuttable presumption which becomes *functus officio* when met with evidence on the subject. *Gouldener* v. *Brittain*, 173 Tenn. 32, 114 S. W. (2d) 783; *Green* v. *Powell*,·22 Tenn. App. 481, 124 S. W. (2d) 269; *Long* v. *Tomlin*, 22 Tenn. App. 607, 125 S. W. (2d) 171; *Wright* v. *Bridges*, 16 Tenn. App. 576, 65 S. W. (2d) 265. This presumption falls within the preview of the pronouncement in *Bryan* v. *Ætna Life Ins. Co.*, 174 Tenn. 602, 130 S. W. (2d) 85, 89, reading as follows: "We have a number of decisions that a bare presumption disappears upon the introduction of circumstantial rebutting evidence. . . . "

Here we have uncontradicted evidence of an employee in good health and of strong physique, while at his work in the very hot sun, lifting heavy timber, suddenly falling to the ground and "lying there with his chest going up and down that way,—and I went there and he was dying." From these facts it was the duty of the Court to draw legitimate inferences that seem most reasonable. Sunstroke or heatstroke is a common occurrence under cer-

tain conditions. It is common for laymen to warn against it under certain circumstances and conditions, among which are those herein shown.

Under such circumstances any bare presumption by reason of the certificate disappears. The defendant by this certificate, alone, and alone it is, does not meet the burden placed on him to such an extent that the case made out by the claimant becomes speculative.

In *Pripich* v. *State Compensation Com'r*, 112 W. Va. 540, 166 S. E. 4, 5, it was held that: "Where, in the course of and arising out of his employment, an employee in good health and of strong physique suffers physical injury which is followed by serious disabilities, competent physicians differing as to whether the disabilities are attributable to the injury, but only probable or conjectural reasons or causes are assigned by physicians in an effort to explain the disabilities on grounds other than the injury, the presumptions should be resolved in favor of the employee rather than against him."

The reason here quoted aptly applies to the facts of the instant case and the rule enforced should be equally enforced here.

The petitioner cites *National Life & Accident Insurance Co.* v. *Follett*, 168 Tenn. 647, 80 S. W. (2d) 92; *Standard Life Insurance Co.* v. *Strong*, 19 Tenn. App. 404, 89 S. W. (2d) 367, 380, and other related cases in support of their insistence that our holding in this case should have been to the effect that only expert evidence could be looked to for the purpose of ascertaining whether or not death was caused by sunstroke or heat prostration.

In the *Follett Case, supra,* Follett died within a few hours after he came into his home suffering great pain and told his wife that he had fallen. An autopsy was

performed and three doctors testified his death was due to diseased organs. Two other doctors, in response to the hypothetical questions, gave it as their opinion that the alleged fall caused his death. The Court held (1) that the statement of Follett to his wife was admissible as a part of the *res gestae*, and (2) that the hypothetical question to the two doctors was admissible in evidence and constituted material evidence to go to the jury.

In the *Strong Case, supra*, the controlling question was whether or not Strong had misrepresented his physical condition in an application for insurance. The Court therein held that ''Issues involving this subject (pathology of disease) are to be determined upon the testimony of qualified expert medical witnesses.'' The Court also held and quoted with approval that: '' 'Facts which are universally known, and which may be found in encyclopedias, dictionaries or other publications, are judicially noticed, provided they are of such universal notoriety and so generally understood that they may be regarded as forming part of the common knowledge of every person.' Jones on Evidence, 2d Ed., vol. 1, sec. 450, p. 799.''

With utmost deference to the views of counsel, we are compelled to conclude that sunstroke or heatstroke is a thing of common knowledge and fairly universally known. It is a very common thing to hear even an uneducated person warn one not to expose themselves to an unusually hot sun, or the like, for fear of sunstroke. People of all walks of life have first or last heard of instances where one has thus suffered. The definition is in all standard dictionaries, encyclopedias and the like. The definition we gave was not from a medical text book. The definition given is almost identical with that as found in Webster's dictionary. This definition was not a mat-

ter of opinion but a standard definition of a known and not uncommon happening. We can take judicial knowledge of such matters.

It is to be remembered that we are dealing here with a proven state of facts which constitute an ordinary happening and fit a dictionary definition of a compensable injury. Under such circumstances it is incumbent on the defendant to go forward, and through proof of at least equal dignity and worth, to counter this case thus made otherwise there is no proof upon which it can be said that the cause of death herein is mere conjecture.

Some sixty-five cases are cited in this petition to rehear. Many of these cases were relied on in the original brief, all of which were reviewed by us and in our judgment were not controlling or persuasive on the issues here presented. We have again reviewed these cases and others cited, and are convinced that none of them are applicable under the facts of this record. Obviously we cannot analyze each of these cases herein. If we did so this opinion would almost be endless. Suffice it to say that we have and are viewing this matter from a judicial viewpoint rather than from the point of view of an advocate as is counsel properly doing.

For the reasons given the petition to rehear must be denied.