FARRIS *v.* YELLOW CAB Co. *et al.*

(*Knoxville,* September Term, 1948.)

(May Session, 1949.)

Opinion filed July 9, 1949.

FRED J. MOSES, JR., and JEROME TEMPLETON, both of Knoxville, for plaintiff in error.

E. BRUCE FOSTER, Knoxville, and FRANTZ, McCONNELL & SEYMOUR, of Knoxville, of counsel for defendants in error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This is a case in which the petitioner sues to recover compensation under the Workmen's Compensation Law of Tennessee, Code, Section 6851 et seq., as a dependent. Her husband was employed by the Yellow Cab Company of Knoxville and was killed by some unknown person while sitting in his cab at a regular cab stand. The case is here on demurrer to the petition, the trial judge having sustained it upon the ground that it stated no fact or circumstance from which it could be reasonably inferred that the killing was an accident which arose out of and in the course of the cab driver's employment.

The petition alleges the following facts pertinent to the issues before us:

"The petitioner further alleges that on said date the deceased suffered injuries by accident arising out of and in the course of his employment as follows, to wit:

"Your petitioner avers and would further show to the Court that prior to said date the deceased was an able-bodied, strong, and healthy physical being and he was a capable, industrious, and hard-working man. That on said date and at or about the hour of one (1:00) in the morning and while on duty under the steering wheel and driving one of defendant's cabs at or near the L & N Depot at Knoxville, Tennessee, and while located at a cab stand and while working within the scope of his employment with the defendant the deceased sustained accidental injuries which were fatal to him. She avers that while in the employ of the defendant, and while in the discharge of his duties as such employee, which consisted of driving and operating a taxi cab, he was injured and killed by an accident arising out of and in the course of his employment. The nature and cause of which accident is not known save that it was a gun shot wound and that the deceased was found mortally injured at his post of duty under the steering wheel of said taxicab which he was operating immediately before his fatal injury; that the deceased's death occurred in the course of deceased's employment and that death occurred out of and in the course of his employment."

The defendants demurred upon the following grounds:

"(1) Said petition wholly fails to state a cause of action against defendants.

"(2) Said petition does not allege facts sufficient to show liability against defendants under the Workmen's Compensation Statute of Tennessee, in that said petition does not set forth any facts from which the Court could conclude that the death of the deceased was accidental, or that his death was caused by an accident arising out of and in the course of his employment by

defendants. On the other hand, said petition sets forth only the conclusions of petitioner that the death of the deceased was caused by accident which arose out of and in course of his employment, and admits that petitioner has no knowledge of any facts surrounding the death of the deceased from which the Court could conclude that the death resulted from an accident which arose out of and in the course of the employment of the deceased with the defendants.''

■ We think it is reasonable to conclude that the petitioner could allege no additional facts which would tend to clear up the mysterious death of her husband so as to meet the objections of the demurrer, inasmuch as this could have been done by an amendment to the petition. The demurrer admits the truth of the facts as stated in the petition and all reasonable conclusions to be drawn therefrom.

The petitioner appealed from the action of the trial judge sustaining the demurrer and assigns errors all of which go to a single question as to the sufficiency of the petition as a pleading. Able counsel for petitioner state the issue to be decided as follows:

. . . "the case will be treated in this brief as if all the known facts surrounding this accident were before the Court.

"The only certain facts to be gathered from the allegations of the petitioner are that the deceased, while at his post of duty under the steering wheel of his cab, in a cab stand on the streets of the city of Knoxville in front of the L & N Depot at one o'clock in the morning met his death by reason of a gunshot wound. Under these circumstances, nothing more appearing, it is insisted, the petitioners are entitled to recover.''

50

■ Counsel for both the petitioner and the defendants have at the outset argued the question as to which of the parties carries the burden of proof in compensation cases, and more especially in the instant case. The cases cited will not be discussed for the reason that the issue is not directly before the Court. The demurrer having admitted the facts as pleaded the only question is whether or not the petitioner would be entitled to compensation on the facts stated in the absence of any countervailing evidence. We are furthermore aware of the mandate of the statute which requires a liberal construction of its provisions in favor of injured employees. But such liberality does not impose upon the courts the duty of reaching definite conclusions as to what the facts show. No one knows who killed the deceased, or why, whether it was in defense of a robbery, or by some one who was a personal enemy, or resulting from a quarrel between taxi cab employees, or some other person. In reaching a conclusion based upon the facts alleged we are not permitted to surmise that the defendants are in possession of any facts other than as set forth in the petition.

■ The petitioner's counsel say that, conceding the facts to be true as alleged, it becomes the duty of the defendants to clear up the mystery of their employee's death; that liability will attach unless they show that his death did not arise out of and in the course of his employment. We cannot agree. The defendant is not called upon to introduce any proof or make any explanation as to the death of the employee except where the facts alleged make a *prima facie* case. In other words the petition must state facts, not conclusions, which take the issue out of the realm of conjecture. The courts are not permitted to rest a judgment upon a mere sur-

mise or conjecture as to the truth of any material issue of fact. Thus in all compensation cases the petitioner must allege sufficient facts to warrant a reasonable inference, *prima facie* at least, that the injuries sustained arose out of and in the course of his employment. *Davis* v. *Wabash Screen Door Co. et al.,* 185 Tenn. 169, 204 S. W. (2d) 87. And until such a case is alleged and proven by some material evidence there is nothing upon which to base a judgment. In *Home Ice Co.* v. *Franzini,* 161 Tenn. 395, 32 S. W. 2d 1032, 1033, it was held: "An award cannot be based on a bare conjecture of such facts. *Battle Creek Coal & Coke Co.* v. *Martin,* 155 Tenn. 34, 290 S. W. 18; *Dry-Block Mercantile Co.* v. *Carson,* 154 Tenn. 273, 288 S. W. 726."

Counsel strongly rely upon *Milstead* v. *Kaylor,* 186 Tenn. 642, 212 S. W. (2d) 610, *Shockley* v. *Morristown Produce & Ice Co.,* 158 Tenn. 148, 11 S. W. (2d) 900; *Tennessee Chemical Co.* v. *Smith,* 145 Tenn. 532, 533, 238 S. W. 97; and *Tennessee Eastman Corp.* v. *Russell,* 150 Tenn. 331, 265 S. W. 540; and *Home Ice Co.* v. *Franzini, supra.* Contention is made on the brief that these cases support the view that "Where an employee is found at his post of labor during the time that he is usually employed and there is no direct evidence of the manner of his death, an inference may arise of an accident arising out of and in the course of his employment." The defendants' counsel does not question the soundness of the foregoing as an abstract rule of law in compensation cases, but insists that if the facts alleged give rise to more than one reasonable inference as to the cause of death the rule canot apply. *Home Ice Co.* v. *Franzini, supra.* We think this case supports the defendant's position. Moreover we do not think the cases above

cited and relied on by petitioner support the insistence that a *prima facie* case is alleged in the petition. In *Milstead* v. *Kaylor, supra,* the deceased died suddenly while loading lumber (stay bolts) on a trailer. The weather was "awful hot" and it was the theory of the claimant that he died from heat prostration. No medical proof was offered other than a death certificate which recited "that death was due to probable heart attack." It was held that the claimant made out a *"prima facie"* case of death from heat prostration and it was an accident arising out of and in the course of his employment. The case seemed to turn upon the strength of presumptions, whether his death resulted from excessive heat while at work or the weaker presumption that is "probable heart attack." In response to a petition to rehear the Court discussed at some length the value of presumptions to be reasonably indulged from admitted facts and holds that the claimant had made out a *prima facie* case of compensable death. The facts in that case are easily distinguishable from the case before us. The case which we think is more directly in point, and cited by petitioner as controlling authority and to which we have made special reference, is *Home Ice Co.* v. *Franzini, supra.* It differs from the instant case in that the employee was found to have died from an electric shock. As to how it occurred no one knew. His dead body was found at a place where he was supposed to work. The only reasonable inference was that Franzini climbed up on the transformer tower (10 feet high) and there came in contact with a live wire. It was held that his death "did not arise out of his employment." In reaching this conclusion the Court cited and distinguished all of the cases relied on by petitioner in

the instant case and held that the cause of his death "could not have operated in connection with any known detail of deceased's employment." The opinion in the Franzini case concludes as follows:

"Indeed, if, upon undisputed proof, it is conjectural whether death resulted from a cause operating within his employment or a cause operating without his employment, there could be no award to the employee's dependents. *Battle Creek Coal & Coke Co.* v. *Martin, supra.*"

*Whaley* v. *Patent Button Co.*, 184 Tenn. 700, 202 S. W. 2d 649, is not in point, not being analogous to the case before us.

Counsel for the defendants (and the trial judge in his opinion) cite a number of cases from other jurisdictions which in principle follow Chief Justice Green's opinion in the Franzini case. Some of these cases are what might be called "border line cases" on the facts and for this reason we prefer not to cite them as authority for the conclusion reached in the instant case.

The judgment of the trial judge is sustained, and the demurrer is affirmed.

All concur.