T. J. Moss Tie Co. *et al. v.* Rollins *et al.*

(*Nashville,* December Term, 1950.)

Opinion filed January 13, 1951.

RAULSTON, RAULSTON & SWAFFORD, of South Pittsburg, for appellants.

A. A. KELLY, of South Pittsburg, for appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The Chancellor awarded compensation under the Workmen's Compensation Law, Code, Section 6851 et seq., to the petitioners Jennie Rollins and her minor son on the ground that the deceased Emmit Rollins lost his life by accident arising out of and in the course of his

employment as a day laborer for the defendant tie company. It is insisted by the defendants that the cause of death of deceased was a matter of conjecture and surmise and therefore no compensation could be allowed.

The record discloses that the deceased was apparently in good health and that he was engaged in loading cross-ties; that on the date of his death, he worked several hours at this job and later had lunch and rested about forty-five minutes. After resuming work, the deceased and his fellow employee carried one more tie and placed it on the stack, which was then about four feet high. The fellow employee returned to the pile for another tie and finding that deceased was not following him, turned and saw deceased standing at the end of the stack. Within seconds, Rollins' head snapped and he fell to the ground. It appears that the temperature that day was about eighty-five or eighty-six degrees and that the deceased was working in the hot sun. An autopsy was made by Dr. J. W. Adams, a very reputable pathologist in Chattanooga. This witness testified positively that Rollins' death was not the result of heart failure but of sunstroke; that his opinion was based on his personal examination of the body.

It is insisted by the petitioners that the present case is much stronger than that presented in *Milstead* v. *Kaylor,* 186 Tenn. 642, 212 S. W. (2d) 610, 612. In this case, there was no testimony of a physician. It appears that Kaylor, the employer, was engaged in cutting and sawing timber; that the employee Milstead had been in his service for about a year or more at the time of his death. On the date of death, the deceased was assisting others in loading timber on a trailer. As he was attempting to load a piece of timber he ''fell over'' and '' 'he was lying there with his chest going up and down that

way,—and I went there and he was dying.' After the deceased had fallen, as above described by one of the witnesses, this witness called a doctor. By the time the doctor arrived, the deceased was dead. At the time of this occurrence it was extremely hot''.

It was further found in the Milstead case that the deceased employee was a strong, able-bodied, healthy man as in the case now before us and that he had never had sinking spells or any form of heart trouble. In that case, it was the theory of the widow and the children that the death of the deceased employee was due to heat prostration or sunstroke caused by the employee working in this extremely hot weather. The doctor who was called, and who arrived within a few minutes after his death, noted on the death certificate that death was ''due to probable heart attack.'' No medical testimony was offered by either side. The petitioners contented themselves by showing the above detailed facts. In the cited case, this Court awarded compensation.

In the present case we have positive medical testimony that the deceased died of a sunstroke.

■ ''Death caused by 'heat prostration, sunstroke or heat exhaustion' is compensable in this state. *Patten Hotel Co.* v. *Milner*, 145 Tenn. 632, 238 S. W. 75; *King* v. *Buckeye Cotton Oil Co.*, 155 Tenn. 491, 296 S. W. 3, 53 A. L. R. 1086.''

''Sunstroke. A condition caused by exposure to the sun which is often fatal. It is marked by prostration, a high temperature of the skin, convulsions, and coma. Maloy Medical Dictionary for Lawyers.'' *Milstead* v. *Kaylor,* supra.

■ Under the proof we are bound to conclude that Rollins' death was caused by sunstroke and that this sunstroke was produced by overexertion or that the

deceased became overheated in the course of his employment and therefore that this sunstroke was the real cause of death. "An injury arises out of the employment when there is apparent to the rational mind upon consideration of all the circumstances a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Davis* v. *Wabash Screen Door Co.,* 185 Tenn. 169, 204 S. W. (2d) 87. "If the injury can be seen to have followed as a natural incident of employee's work and to have been contemplated by reasonable person familiar with the whole situation as result of exposure occasioned by nature of employment then it 'arises out of the employment', so as to be compensable and it need not have been foreseen or expected but after the event, it must appear to have had its origin in a risk connected with the employment and have flowed from that source as a rational consequence." *Davis* v. *Wabash Screen Door Co.,* supra. See also *U. S. Fidelity & Guaranty Co.* v. *Barnes,* 182 Tenn. 400, 187 S. W. (2d) 610.

If the Chancellor found it a fact that the injury suffered by the deceased that resulted in his death arose out of his employment, this is based upon the facts proven in the record and from reasonable inferences drawn therefrom. This Court will search the record only insofar as necessary to determine that there is material evidence to support such finding. *Central Franklin Process Co.* v. *Gann,* 175 Tenn. 267, 133 S. W. (2d) 503; *Anderson* v. *Volz Const. Co.,* 183 Tenn. 169, 191 S. W. (2d) 436. Having found material evidence to support the finding of the trial court, the decree of the Chancellor must be affirmed.

All concur.