MRS. THOMAS L. REED, SR. *v.* PAUL LANGFORD, Individually,
and d/b/a John Thomas Hotel and Fidelity & Cas.
Ins. Co. of New York.

(*Nashville,* December Term, 1954.)

Opinion filed March 11, 1955.

WEST COSS, of Nashville, JAMES CUNNINGHAM, of
Clarksville, and WALKER CASEY, of Nashville, for plaintiff.

H. T. FINLEY and R. B. PARKER, JR., both of Nashville,
for defendants.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

This is a workmen's compensation case wherein the defendants demurred to the petition, which demurrer was sustained by the Trial Judge and petitioner has appealed.

The sole question is whether or not the petition states a prima facia case that the death of petitioner's husband arose out of deceased's employment.

The material averments of the petition are as follows: The deceased husband was 69 years of age at the time of his death and was a retired carpenter of good morals and gentle and patient disposition. At the time of his death he was employed as a night-clerk and/or night-watchman for the John Thomas Hotel and when on duty he was solely in charge of the hotel. His employment required him to come on duty in the late afternoon and to remain on duty all night or into the early hours of the morning or until relieved. His duties were to rent rooms, collect rent for same, show the rooms to the prospective lodgers, to make regular inspection of the premises for the safety and protection of the property, to see that there was no fire or disturbance in the building, and to call

the police when necessary to preserve order, and to do other things incident to the operation of the hotel. Often arguments would ensue with the lodgers over refunds, or damage done to the rooms, and the hotel had a large sign placed in the lobby stating, ''No Refund on Rooms.'' Because of his duties the hotel management furnished · him with a blackjack to be carried on his person while on duty, and the management kept a pistol on the premises at all times. Said hotel was located down town on the same street as two bus-line terminals within a block of same, and the hotel was known as a brothel and a ''flop-house'' to the police, because its lodgers were often law-violators and the police were frequent visitors. The hotel allowed couples to register as man and wife when the management knew that such was not the fact. The hotel was frequented by gamblers, whores, drunkards and touts, and the police authorities had threatened to padlock the place if the management did not improve the conduct of its operation. The management repeatedly complained to the deceased because he would refuse to rent rooms at night to persons when they were known to him to be law-violators. On or about November 23, 1953, at about 5:00 A.M., the deceased, while on duty at said hotel, and while making his rounds of inspection for the safety and protection of the property and while working within the scope of his employment, and while exposed to the hazards of same, sustained accidental injuries which were fatal to him in that deceased was found inside the hotel dead of a gun-shot wound. Deceased did not commit suicide because an empty shell was found but no pistol or other lethal weapon except the blackjack furnished by the hotel which was still in his pocket untouched at the time the body was found; nor was death due to a personal fight or argument.

It was further averred that the defendant, Paul Langford, who is the owner of said hotel, was confined in the State penitentiary at the time of decedent's death and that the decedent was a former guard at the State peniteniary.

With all due sympathy for the petitioner we are unable to distinguish this case in principal from that of *Farris* v. *Yellow Cab Co.*, 189 Tenn. 46, 222 S. W. (2d) 187, wherein it was held the petition did not state a prima facie case.

In that case a taxicab driver was found dead in his cab, under the steering wheel and the cab was located at a cab-stand. The petition in that case stated that the nature and cause of the accident was not known except that it was a gunshot wound. Obviously, the same is true in the instant case. There, this Court reiterated the rule that where an employee is found at his post of labor during the time that he is usually employed and there is no direct evidence of the manner of his death, an inference may arise of an accident arising out of and in the course of his employment but that if the facts alleged give rise to more than one reasonable inference as to the cause of death the rule cannot apply.

No one knows who killed the deceased or why, whether it was in defense of a robbery, or by someone who had a personal grudge against the deceased by reason of his having been formerly a guard at the penitentiary, or an argument with a guest of the hotel over a refund, or some purely personal matter having no connection either with his employment or with his former experience as a guard at the penitentiary.

We are, therefore, constrained to affirm the judgment of the lower Court with costs.