HOLLIS PARROTT *v.* PEARL PARROTT.

(*Nashville*, December Term, 1954.)

Opinion filed April 7, 1955.

WARD R. CASE, JR., and ROBERT F. TURNER, both of Jamestown, for plaintiff in error.

HILLARD M. ROBERTS, of Livingston, and E. A. LANGFORD, of Cookeville, for defendant in error.

Mr. Justice Prewitt delivered the opinon of the Court.

This is a workmen's compensation case in which the Chancellor found for the complainant and awarded compensation. The defendant has appealed in error here.

The deceased employee was injured on April 1, 1953, while working at the defendant's sawmill, and died on November 12, 1953.

The deceased had been working for the defendant, who is his brother, since April, 1946. The deceased was a sawyer at defendant's stave and heading mill in Pickett County, Tennessee. It was part of deceased's duties to lift heading and stave blocks which weighed from forty to one hundred and fifty pounds on the carriage. On April 1, 1953, deceased went to work about 7:00 o'clock, and had been working about an hour when he became sick. He told defendant he couldn't hear. Defendant sent him to Albany, Kentucky, for medical attention.

On April 6, 1953, he was carried to Nashville to Doctor Meacham, a specialist. He stated that he had hemorrhage of the brain, but later thought he was recovering and allowed him to go to Livingston. He remained in the hospital in Livingston until April 14th and then he was permitted by Dr. Nevans, his local physician, to go home and was advised to rest.

The deceased was brought to the hospital at Livingston again on November 7, 1953, unconscious, where he died on November 12th, as a result of a hemorrhage of the brain.

After he returned home from the hospital in April, he was in bed for about two weeks and was in bed off and on for the next three or four months, during which time he suffered severe headaches. He did no work until about a month prior to November 7th, when he started driving a

truck. He was not required to do heavy lifting at this job. It appears that he became unconscious on November 7th, while driving a truck and his truck ran across a ditch. He had a laceration over the right eye which Dr. Nevans stated had nothing to do with his condition.

The complainant, in addition to other evidence, offered the depositions of Dr. Nevans and Dr. Ivey. Defendant offered the deposition of Doctor Meacham.

Doctor Meacham stated that the likelihood of two hemorrhages occurring from the initial disabled place is greater than at another point, and that a person who had one of these hemorrhages is more than likely to have another one, and that heavy lifting or exertion would bear on this condition.

The trial judge found that complainant has carried the burden of the proof by the preponderance of the evidence and to this finding we agree.

In *Cunningham* v. *Hembree,* 195 Tenn. 107, at page 113, 257 S. W. (2d) 12, at page 14, the Court said:

"(4) The courts are not privileged to indulge in speculation and conjecture, but must rest every judgment upon the truth which in most cases is very elusive. We have sanctioned the proposition 'that, where an employee is found dead at his post of labor, without direct evidence as to the manner of his death, an inference may arise of an accident springing out of and in the course of his employment'. *Home Ice Co.* v. *Franzini,* supra, (161 Tenn. 395, 32 S. W. (2d) [1032], 1033). Reaffirmed in *Milstead* v. *Kaylor,* supra [186 Tenn. 642, 212 S. W. 2d 610]. Where a prima facie case is thus made out the burden shifts to the employer to produce evidence to overthrow such a prima facie case. *Shockley* v. *Morristown*

*Produce & Ice Co.,* 158 Tenn. 148, 11 S. W. 2d 900.''

*Tapp* v. *Tapp,* 192 Tenn. 1, 236 S. W. (2d) 977.

In *Milstead* v. *Kaylor,* 186 Tenn. 642, 646-647, 212 S. W. (2d) 610, 613, the Court said:

"In the instant case the claimant makes such a prima facie case. It is shown without dispute that the employee while at his work in loading this timber on a very hot July day fell and after a few minutes died. It is also shown without dispute that the employee was a strong, healthy, able-bodied man. The evidence negatives any other cause of death except that as claimed. According to the recognized definitions of the terms, 'heat prostration, sunstroke or heat exhaustion', death might reasonably have resulted.''

In *T. J. Moss Tie Co.* v. *Rollins,* 191 Tenn. 577, 580-581, 235 S. W. (2d) 585, 586, this Court said:

"(2-4) Under the proof we are bound to conclude that Rollins' death was caused by sunstroke and that this sunstroke was produced by overexertion or that the deceased became overheated in the course of his employment and therefore that this sunstroke was the real cause of death. 'An injury arises out of the employment when there is apparent to the rational mind upon consideration of all the circumstances a causal connection between the conditions under which the work is required to be performed and the resulting injury.' *Davis* v. *Wabash Screen Door Co.,* 185 Tenn. 169, 204 S. W. 2d 87. 'If the injury can be seen to have followed as a natural incident of employee's work and to have been contemplated by reasonable person familiar with the whole situation as result of exposure occasioned by nature of employment then it "arises out of the employment", so as

to be compensable and it need not have been foreseen or expected but after the event, it must appear to have had its origin in a risk connected with the employment and have flowed from that source as a rational consequence.' *Davis* v. *Wabash Screen Door Co.,* supra. See also *United States Fidelity & Guaranty Co.* v. *Barnes,* 182 Tenn. 400, 187 S. W. 2d 610."

In the present case the deceased was engaged in carrying heavy blocks and while it does not appear that he had a block on his shoulder at the time he suffered the attack, it does appear that he had been carrying heavy blocks regularly, and we may infer that this strain of carrying these heavy loads was one of the contributing causes to the hemorrhage.

The medical proof shows that the slight injury resulting from his car going across a ditch did not affect this condition.

We are of the opinion that under our authorities the Chancellor was correct in holding that the complainant was entitled to compensation. See also *Lay* v. *Blue Diamond Coal Co.,* 196 Tenn. 63, 264 S. W. (2d) 223. Affirmed.