The DUPLAN CORPORATION et al.

*v.*

G. W. WILSON.

358 S.W.2d 322.

(*Knoxville,* September Term, 1961.)

(May Session, 1962.)

Opinion filed June 5, 1962.

HUNT & LAWSON, Chattanooga, for petitioner.

FOLTS, BISHOP, THOMAS, LEITNER & MANN, Chattanooga, for respondent.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

This is a workmen's compensation case and the trial judge was of the opinion that the injury of G. W. Wilson was compensable, and that he was suffering from an occupational disease known as contact dermatitis incurred in the line of duty.

The defendant below interposed the defense of the statute of limitations. The defense was disallowed by the trial judge.

The petitioner suffered no disabling injury until April, 1960, and was not incapacitated from work until April 5, 1960, when his condition prevented him from working and he was paid temporary total benefits through July, 1960, and suit was brought April 3, 1961.

This being true the statute of limitations was not available to the defendant.

In the case of *Charnes v. Burke*, 205 Tenn. 371, 326 S.W.2d 657, the petitioner worked in a service station and noticed a rash on his hands in May of 1955 for the first time but this condition was not disabling and he continued to work. On February 22, 1956, he was told for the first time by a doctor that he was a victim of dermatitis. His petition was filed on February 15, 1957. The Court was of

the opinion that prior to diagnosis in February, 1956, the petitioner did not know what his trouble was.

▆ The Court held that the statute did not begin to run until the diagnosis of dermatitis was made. In the case here the claimant's condition was not diagnosed until May 13, 1960. See also *Tennessee Tufting Co. v. Potter,* 206 Tenn. 620, 336 S.W.2d 539, 337 S.W.2d 601.

In the case before us the petitioner became unable to work on April 15, 1960, and temporary total benefits were paid until July 20, 1960, and suit was brought April 3, 1961. The petitioner did not know that he was actually suffering from dermatitis until May 13, 1960, and this was a result of working with nylon.

Dermatitis is one of the occupational diseases listed under Section 50-1101 T.C.A. See *Milstead v. Kaylor,* 186 Tenn. 642, 212 S.W.2d 610.

We have considered all assignments of error, find them without merit and the judgment of the lower court is affirmed.

BURNETT, FELTS, WHITE and DYER, JUSTICES, concur.