**456**

Virginia P. COLLINS, Appellant,

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

Supreme Court of Tennessee.

Feb. 13, 1978.

H. Calvin Walter, Walter, Gilbertson & Associates, Knoxville, for appellant.

Robert R. Campbell, Hodges, Doughty & Carson, Knoxville, for appellee.

OPINION

HENRY, Chief Justice.

This is an action for workmen's compensation death benefits. Plaintiff-appellant is the widow of Douglas S. Collins, who was an employee of defendant-appellee's insured, Foote Mineral Company. The complaint alleged that plaintiff's husband, while in the course of his employment on September 25, 1974, was involved in an automobile accident in Huntsville, Alabama, and that he died as a result of this accident. The defendant denied that the deceased's death was the result of an accident arising out of and in the course of his employment.

The parties stipulated that Collins died while in the course of his employment and that a death certificate introduced into evidence by the plaintiff was the certificate of death on file with the State of Alabama. This certificate stated that the cause of death was an "apparent heart attack." It also indicated that no autopsy was performed on the body.

The only testimony offered by either side was that of plaintiff's witness, James Cline, Collins' fellow employee. Cline testified that Collins was a hard worker and travelled a great deal. He also stated that, as far as he knew, Collins had been in good health prior to his death.

Relying on *Milstead v. Kaylor*, 186 Tenn. 642, 212 S.W.2d 610 (1948), the plaintiff asserted that she was entitled to judgment solely on the ground that when an employee is found dead under circumstances indicating that death occurred during the time and at the place of his employment, with no direct evidence as to the cause of his death, an inference may arise that the death arose out of and in the course of the worker's employment. The trial judge felt that, under the evidence presented in this case, such an inference did not arise and, finding that the plaintiff had failed to carry the burden of proof, dismissed the action. We must agree with his decision.

■ While it is true that in *Milstead* the evidence presented by the plaintiff permitted the inference that the employee's death arose out of his employment, in Tennessee the fact that an employee is found dead at his place of employment during working hours does not alone create a prima facie case. See *Wilson v. St. Louis Terminal Distributing Co.*, 198 Tenn. 171, 278 S.W.2d 681 (1955); *Reed v. Langford*, 197 Tenn. 587, 276 S.W.2d 735 (1955); *Farris v. Yellow Cab Co.*, 189 Tenn. 46, 222 S.W.2d 187 (1949); *Home Ice Co. v. Franzini*, 161 Tenn. 395, 32 S.W.2d 1032 (1930).

Something more must be shown. For example, in *Milstead, supra,* the Court was faced with "uncontradicted evidence" and proof that an employee in good health collapsed and died while at his work, which involved strenuous labor in the hot sun. In awarding compensation, the Court stated that the presumption was made out by three factors:

(1) that the deceased died while on his job; (2) that he was a strong, able-bodied man not subject to heart attacks, and (3) that *his death under the circumstances was readily attributable to a compensable injury.* (Emphasis supplied.) 186 Tenn. at 649, 212 S.W.2d at 613.

In other cases in which the Court also permitted the presumption, there was proof that the employee had so exerted himself that he became ill and died. See e. g. *Heron v. Girdley*, 198 Tenn. 110, 277 S.W.2d

402 (1955); *Lay v. Blue Diamond Coal Co.*, 196 Tenn. 63, 264 S.W.2d 223 (1953); *Cunningham v. Hembree*, 195 Tenn. 107, 257 S.W.2d 12 (1953). In *Shockley v. Morristown Produce & Ice Co.*, 158 Tenn. 148, 11 S.W.2d 900 (1928), death was shown to have resulted from contact with the "identical mechanical instrumentality with which the deceased was employed to deal." See also, *Crane Rental Service v. Rutledge*, 219 Tenn. 433, 410 S.W.2d 418 (1966). In other words, there must be sufficient proof, before the Court will presume that the death arose out of the deceased's employment.

■ Where no evidence exists of any exertion aggravating a pre-existing condition or of any accident, it cannot reasonably be inferred that the death of the deceased arose out of his employment. *Wilson v. St. Louis Terminal Distributing Co., supra.* If the facts alleged or proved give rise to more than one reasonable inference as to the cause of death, to draw the inference that the death arose out of the deceased's employment constitutes impermissible speculation and conjecture. *Farris v. Yellow Cab Co., supra.*

■ In the present case, the plaintiff produced no proof concerning the accident. There are *averments* of an automobile accident, a death certificate stating that the cause of death was "an *apparent* heart attack," a stipulation that the death occurred in the course of the deceased's employment, and testimony that the deceased was a hard worker and frequent traveller. This is insufficient to raise the presumption that death arose out of employment.

On the basis of the paucity of proof, the decision of the trial court is affirmed.

FONES, COOPER, BROCK and HARBISON, JJ., concur.