WILHART *v.* L. A. WARLICK CONST. CO.

(*Knoxville*, September Term (May Session) 1952.)

Opinion filed June 5, 1953.

Joe Van Derveer, of Chattanooga, for plaintiff in error.

Noone, Tanner & Noone, of Chattanooga, for defendant in error.

Mr. Justice Burnett delivered the opinion of the Court.

This is a workmen's compensation case in which the trial judge denied compensation to the widow of a deceased employee of the defendant in error.

The record shows that on November 27, 1950, the deceased husband of the petitioner here dropped dead while working for the defendant in error. The facts leading up to the death are that this man Wilhart was a laborer working for the defendant in error in the construction of a building in Chattanooga. For some hour and a half prior to his death, in the early morning, he had been handing boards or planks weighing something like 30 pounds up to other workmen on a scaffold. According to the record there was no unusual exertion or untold consequences as a result of this labor. Then the deceased after doing this for approximately an hour and one-half walked over to a foreman on the job who pitched him a rope, very light, which he took and was on his way to

carry it back to another point when suddenly he jerked and lurched backward and fell dead. The doctors pronounced (this is shown by the death certificate) that his death was due to ''probable apoplexy''. The weight of the proof is that this man died immediately and fell to the ground and retained a cigar in his mouth that he was smoking prior thereto. There is no showing that this apoplexy struck the man while he was exerting himself in any way and at the time of the death he was apparently doing a very light and ordinary job.

The man was less than six feet tall and weighed about 250 pounds. About five months prior to his death he had been examined and found to be suffering with very high blood pressure.

Under such state of facts the trial judge among other things said:

"This proof, to the satisfaction of the court, excludes accident as commonly known and understood. It is the opinion of the court that in the death of this petitioner's decedent there was no accident."

Apoplexy has been defined as a "sudden loss of consciousness, sensation, and voluntary motion, usually caused by a pouring out or escape of blood or serum into the brain or spinal cord (called extravasation)". Maloy Medical Dictionary Sec. 1296. Whether or not apoplexy constitutes a compensable accident depends upon the facts and circumstances under which it was sustained. The definitions that we in this State have given to an injury by accident do not bring apoplexy within our act unless the apoplexy is the result of some strain or act that the workman is doing which brings about the apoplexy.

The various doctors who testify in this case did not testify directly that anything done by the deceased herein brought about his death. One doctor was asked:

"Q. Doctor, state whether or not any of the operations which I have described here, such as carrying the rope or passing up these few pieces of timber, would, in your opinion, have aggravated a preexisting condition of his arteries? A. It isn't likely that it would, if his exercise was moderate. Now if he had climbed a ladder, or had lifted a very heavy weight, or had been running down stairs, or exercising himself, it would produce an earlier rupture than it would otherwise have happened."

Another doctor said:

"Then if he became over exerted, causing a faster pumping of the blood, it could in your opinion result in a rupture of the vessel? A. Yes, it does, for a man chasing a streetcar, will fall dead, or a man climbing or lifting, but it happens at the time of the strain, and not afterwards."

There was no strain or exertion or anything of the kind at the time the deceased fell dead. He was away from any strenuous labor at the time and for a period long enough for it to be ascertained that a piece of rope was needed, for one to tell him to go after the rope, for him to walk one hundred feet to get the rope, for him to turn around, start back, and walk a good portion of the way. These doctors seem to agree and it was generally the tenor of their testimony that:

"The strain occurs at the time he is doing that and the vessel pops; but it does not pop from the strain after the strain is not existing."

Before an injury is compensable there must be an injury or accident arising out of and in the course of the employment of the employee. In the instant case there is no showing that there was any accident due to the employment or anything connected therewith. Inso-

far as this record is concerned there is ample evidence to support the finding of the trial court that the employment had nothing to do with the death of the deceased. Of course it is well settled that the burden is upon the one seeking compensation to show a connection between the employment and the death. In this case the trial court found and the record supports his finding that the petitioner did not carry this burden.

In 58 Am. Jur., Workmen's Compensation, Sec. 255, we find language particularly applicable to a heart attack or apoplexy or things of the kind in words as follows:

"But where the attack or disablement is not brought on by the work which the employee was doing, or by some external happening in the course of the employment, it does not fall within the category of injury by accident arising out of the employment."

In *Sandlie v. N. Dak. Workmen's Compensation Bureau*, 1941, 70 N. D. 449, 295 N. W. 497, the North Dakota court held that where an employee afflicted with high blood pressure suffered a stroke within an hour after a wordy altercation that it was entirely too speculative to say that his stroke was due to accident arising out of the course of employment and that court denied compensation. Of course there are many cases in the books involving the question here but each of these cases must be confined to the facts of the particular case. In those cases wherein it is found that the apoplexy was brought on by a strain or overexertion or something of the kind in the course of the work the injury is held to have been suffered by accident and is compensable but where it cannot be said that the apoplexy was due to a strain or overexertion or something of the kind in the course of the employment then it is entirely too speculative for the court to say that

the death was due to accident arising out of injury in the course of the employment of the deceased.

We have considered with interest this record as well as the excellent briefs of both parties and are constrained to affirm the judgment of the trial court.