**Mrs. Elsie PHILLIPS**

v.

**EUREKA CASUALTY COMPANY.**

No. 2548.

United States District Court
E. D. Tennessee, N. D.

Aug. 15, 1955.

---

operated by the New River Fuel Corporation at Fork Mountain, Tennessee. Defendant, Eureka Casualty Company, was the compensation insurance carrier of New River Fuel Company on that date.

It was stipulated by the parties before and during the trial that if plaintiff is entitled to an award she is entitled to the maximum amount allowed by the Workmen's Compensation Law of Tennessee, namely, $28 per week; also, that the funeral expenses of deceased exceeded the statutory amount of $350; that the records of the employer disclosed that on November 28, 1953, deceased had loaded 18 tons of coal, and that Dr. Robt. H. Baker, a heart specialist, if called as a witness, would testify as did the witness, Dr. J. M. Cox.

It is reasonably clear from the testimony of Sterling Kennedy, a fellow-employee, that the deceased died between 2:10 p. m. and 2:30 p. m. There were no external evidences of injury. A blast had been set off by Kennedy in an adjoining room shortly before the death. But the death was not an immediate result of the blast, as Kennedy heard the deceased shoveling coal for a short time thereafter. Several causes of death could have been advanced, according to Dr. Cox. Among them were cerebral hemorrhage, coronary occlusion, angina pectoris, and an embolism or blood-clot in the circulatory system due to a knee operation a year before his death necessitated by injury to the knee sustained while deceased was working in the New River Fuel Company mine. In the opinion of Dr. Cox, the last named cause was the most unlikely one.

As to the atmosphere, the mine in which the deceased worked was found by a Government inspector to be in average condition. It is not claimed, however, that death resulted from foul air in the mine.

On the date of his death, deceased left home about 6:00 a. m. in apparent good health. His widow did not know of any disability with which he suffered, except that which resulted from the indicated knee injury.

Hodges & Doughty, Knoxville, Tenn., for plaintiff.

Herbert H. McCampbell, Jr., Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

This suit is by Mrs. Elsie Phillips to recover benefits under the Workmen's Compensation Law of Tennessee, Code, § 6851 et seq., for herself and her three minor children, on account of the death of her husband, Ernest Phillips, who on November 23, 1953 died in a coal mine

A pertinent question is whether there was overexertion by deceased. The Superintendent of the mine stated that various conditions controlled the amount of coal a man could load in a work day; that if he had considerable coal down as he started the work day, he could load from 15 to 18 tons a day under the deceased employee's working conditions. Such quantity would represent an average day's work. Kennedy, who worked in a room adjoining that in which deceased worked on the day of his death, loaded 14 tons of coal under similar conditions. That quantity he regarded as a good day's work.

The distance between the floor and the ceiling of the mine in which deceased worked was from 40 to 45 inches. This low ceiling condition caused deceased to shovel coal on his knees. The fair inference from the testimony of Kennedy is, that the loading of 18 tons of coal by deceased under conditions existing on the day of his death, was an extraordinary day's work for a coal miner.

The sole issue for determination is whether this was a death by accident arising out of and in the course of the employment. It is the insistence of plaintiff that the circumstances surrounding the death created a prima facie case that the death resulted from such an accident. Deceased was found lying on his back with his feet towards the coal pile from which he had been shoveling and his head towards the tramcar into which the coal was to be loaded. His hands were crossed over his chest. His shovel was under the coal, which indicated that he was about to lift a load at the time he was stricken. Plaintiff contends that these enumerated facts were sufficient to create an inference that deceased died either from a brain hemorrhage or from heart failure, and that overexertion either caused the brain lesion or heart failure or so aggravated a pre-existing condition as to cause death.

■■ To the factual situation found to have existed here, the applicable law is reasonably clear. In a compensation case, plaintiff has the burden of proving compensable injury or death. Wilhart v. L. A. Warlick Construction Co., 195 Tenn. 344, 259 S.W.2d 655. However, under certain circumstances the burden may shift to the employer. "'Where an employee is found dead at his post of labor, without direct evidence as to the manner of his death, an inference may arise of an accident springing out of and in the course of his employment.'" Cunningham v. Hembree, 195 Tenn. 107, 257 S.W.2d 12, 14. "Where a prima facie case is thus made out the burden shifts to the employer to produce evidence to overthrow such prima facie case." Cunningham v. Hembree, supra.

The Cunningham case states the rule which applies where overexertion or other causative conditions existed in the employment. Where causative conditions did not exist in the employment, the prima facie rule does not apply. Wilson v. St. Louis Distributing Co., Tenn.1955, 278 S.W.2d 681.

Reference to the facts heretofore mentioned shows clearly the applicability of the prima facie rule. The employee had done a hard day's work under conditions of strenuous character. There was otherwise no direct evidence as to the manner of his death. Of the few inferences that may be drawn, the much stronger one is that the employee died from the accidental cause of overexertion. That this inference is favorable to the employee's widow and children gives it additional virtue. Howell v. Charles H. Bacon Co., D.C., 98 F.Supp. 567, affirmed, 6 Cir., 197 F.2d 333.

■ As against the prima facie case made out by the plaintiff, defendant's proof is wholly inadequate. Indeed, reliance is placed by defendant not upon proof of a contrary description, but upon the authority of the Wilson case as construed by defendant but which, as heretofore indicated, is distinguishable on its facts from those cases which support the prima facie rule. Where cause of death is obscure, any interested party may require an autopsy for determination of the cause. Code, § 6875. Neither the employer nor the insurance carrier de-

manded an autopsy. Instead, causation was left to inference, that inference, as drawn by the Court, being that the deceased died as the result of an accident arising out of and in the course of his employment.

Let an order be prepared, therefore, awarding plaintiff benefits to the extent provided by the compensation law.