**EUREKA CASUALTY COMPANY,**
**Appellant,**
v.
**Mrs. Elsie PHILLIPS, etc., Appellee.**
**No. 12717.**

United States Court of Appeals
Sixth Circuit.
June 8, 1956.

H. H. McCampbell, Jr., Knoxville, Tenn. (Green, Webb & McCampbell, Knoxville, Tenn., on the brief), for appellant.

J. H. Hodges, Knoxville, Tenn. (Hodges & Doughty, Knoxville, Tenn., on the brief), for appellee.

Before SIMONS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

On the record and on briefs and oral arguments of attorneys, this court has

duly considered an appeal from the judgment of the district court, pursuant to the Workmen's Compensation Act of Tennessee, granting an award to the widow and minor children of the decedent, Ernest Phillips, of compensation and of an additional allowance for funeral benefits and an allowance to appellee's attorney of a fee in the amount of twenty percent of the recovery.

Eureka Casualty Company was a compensation insurance carrier of New River Fuel Company, employer of the decedent. The deceased left home in apparent good health on the date of his death, and was found dead at his working place after he had mined eighteen tons of coal—an extraordinary day's work—while necessarily resting on his knees between the floor and the ceiling of the mine, which measured not more than 45 inches. The narrow space made it necessary that he shovel while on his knees.

As was held by the United States District Court, the sole issue here is whether Phillips met his death by accident arising out of and in the course of his employment. It was properly held by the district court that the circumstances surrounding his death made out a *prima facie* case that he died as the result of an accident. He was found lying on his back, with his feet toward the coal pile from which he had been shoveling and with his head toward the tramcar into which the coal was to be loaded. His hands were crossed over his chest and his shovel was under the coal, indicating that he was about to lift a load when he was stricken, either with a brain hemorrhage or heart failure, or by overexertion which aggravated a pre-existing condition so as to cause his death.

District Judge Taylor pointed out that, under Tennessee law, Cunningham v. Hembree, 195 Tenn. 107, 257 S.W.2d 12, where an employee is found dead at his post of labor without direct evidence as to the manner of his death, an inference may arise of an accident springing out of and in the course of his employ-

ment; and that, where a *prima facie* case is thus made out, the burden shifts to the employer to produce evidence to overthrow such *prima facie* case. Wilson v. St. Louis Terminal Distributing Company, Tenn.1955, 278 S.W.2d 681, holding that the *prima facie* rule does not apply where causative conditions were non-existent in the employment, was held not in point because it is distinguishable on its facts. It was found that, in the instant litigation, the defendant failed to present adequate proof to overturn the *prima facie* case made out by the plaintiff.

Although it was entitled to an autopsy, the appellant did not require one in this case, and did not present sufficient proof otherwise to overcome the *prima facie* inference that the death of Ernest Phillips was a result of an accident arising out of and in the course of his employment.

The judgment of the district court is affirmed.