VICENTA CRUZ WIDOW OF CRUZ, ETC., Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent.

No. 580.     Decided June 7, 1962.

*Herminio Concepción de Gracia* for petitioner. *Donald R. Dexter* and *Carmen Ana Archeval* for the Manager of the State Insurance Fund.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

## JUDGMENT

On the ground that the alleged accident occurred while the laborer was doing the work he was used to perform and that the evidence did not reveal that he was doing an unusual effort, a majority of the members of the Industrial Commission denied the claim for compensation presented by the beneficiary of the deceased Ruperto Cruz Lugo.

Cruz Lugo, who was sixty years of age at his death on January 25, 1959, was engaged in the occupation of cane cutter since previous years. The day when the cutting of cane started he commenced his work in his employer's farm about seven o'clock in the morning and half an hour later, he swung his machete to cut down a cane which was deep-rooted and after having cut it, at the moment of pulling it, he remained immobile and suffered a syncope and clung to the stalk of the cane. He was promptly assisted by his fellow workers, who prevented his falling. He was taken to the hospital and his blood pressure showed that he had a systolic pressure of 250 and a diastolic pressure of 110. He died next day and his death was certified to be caused by a cerebral hemorrhage of the right side without an autopsy having been practiced. Up to the day of the facts described the laborer had been in good health.

The expert testimony was conflicting. While Doctor Timothee sustained that the death was caused by extraneous causes to the employment and that it would have happened in the natural life of the laborer, Dr. Taveras, consultant doctor of the Industrial Commission, admitted that the fact that the laborer suffered the hemorrhage when he was pulling the cane, may indicate that the effort made when he swung the machete to cut the stalk was responsible for the commencement of the cerebral hemorrhage.

This case is in the border line of the compensation for cardiac accidents. Now, having abandoned the rule of unusual effort as a controlling factor of the availability of the claim there only remains for decision whether there exists causal relation between the facts related and the final conclusion. *Fernández* v. *Industrial Commission, ante,* p. 284; *cf. Cuquerella* v. *Industrial Commission, ante,* p. 494; *Valls* v. *Industrial Commission, ante,* p. 587. There is no doubt that in the present case an unexpected result happened and

an effort was made which at least tended to precipitate such result. We cannot conclude, as we have done on previous occasions, that death came as a result of the natural development of the disease, although this result would have been inevitable; and there are sufficient elements of evidence to connect the physical effort—although usual— which the laborer exercised with the hemorrhage suffered. See, *United States Fidelity and Guaranty Co.* v. *Messer*, 106 S.E.2d 313 (Ga 1958) ; *Eureka Casualty Co.* v. *Phillips*, 233 F.2d 743 (C.A 6, 1956) ; *Lederman* v. *Whitty Bros.*, 156 N.Y.S.2d 305 (1956) ; *Grear* v. *P. J. Garvey Carting & Storage, Inc.*, 200 N.Y.S.2d 684 (1960) ; 1 LARSON, Workmen's Compensation Law, § 38.83; MCNIECE, Heart Disease and the Law 17–18; 27 Ford. L. Rev. 462 (1958).

The decision rendered by the Industrial Commission on May 15, 1959 is reversed and the case is remanded for further determinations consistent with this judgment.

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:
(s) IGNACIO RIVERA
*General Secretary*