VICENTA CRUZ VDA. DE CRUZ, ETC., recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada.

*Número:* 580   *Resuelto:* 7 de junio de 1962

*Herminio Concepción de Gracia,* abogado de la recurrente; *Donald R. Dexter* y *Carmen Ana Archeval,* abogados del Administrador del Fondo del Seguro del Estado.

Sala integrada por el Juez Presidente señor Negrón Fernández y los Jueces Asociados señores Blanco Lugo y Dávila.

SENTENCIA

Fundándose en que el alegado accidente ocurrió mientras el obrero realizaba la labor que estaba acostumbrado a hacer y en que la prueba no demostró que estuviera realizando un esfuerzo extraordinario, una mayoría de los

miembros de la Comisión Industrial denegó la compensabilidad de la reclamación presentada por la beneficiaria del occiso Ruperto Cruz Lugo.

Cruz Lugo, quien contaba sesenta años de edad cuando ocurrió su deceso en 25 de enero de 1959, se dedicaba al oficio de cortador de cañas desde años anteriores. El día que se inició el corte en la finca del patrono comenzó su trabajo alrededor de las siete de la mañana, y media hora después, tiró un tajo para cortar una caña que estaba muy enraizada, y luego de haberla cortado, al momento de halarla, quedó inmóvil y sufrió un síncope y permaneció asido al tallo de la caña. Fue prontamente auxiliado por sus compañeros de trabajo, lo cual evitó su caída. Se le trasladó al hospital y al tomársele la presión arterial acusó una presión sistólica de 250 y una diastólica de 110. Falleció al siguiente día, y su muerte—sin haberse practicado autopsia—fue certificada como debida a un derrame cerebral del lado derecho. Hasta la fecha de los hechos descritos el obrero había gozado de buena salud.

La prueba pericial fue conflictiva. Mientras el Dr. Thimotee declaró que la muerte se debió a causas ajenas al empleo y que hubiese ocurrido en el orden normal de la vida del obrero, el Dr. Taveras, asesor médico de la Comisión Industrial, admitió que el hecho de que el obrero sufriera el derrame en el momento en que halaba la caña, podía indicar que el esfuerzo realizado al blandir el machete para cortar el tallo era responsable de la iniciación de la hemorragia cerebral.

Este caso se encuentra en la línea fronteriza de la compensabilidad de accidentes cardiacos. Ahora bien, habiendo abandonado la doctrina del esfuerzo extraordinario como factor determinante de la procedencia de la reclamación, sólo nos resta apreciar si existe relación de causalidad entre

los hechos relatados y el desenlace final. *Vda. de Fernández* v. *Comisión Industrial*, 85 D.P.R. 298 (1962); cfr. *Vda. de Cuquerella* v. *Comisión Industrial*, 85 D.P.R. 516 (1962); *Vda. de Valls* v. *Comisión Industrial*, 85 D.P.R. 611 (1962). No parece haber duda de que en el presente caso sucedió un resultado inesperado y que medió algún esfuerzo capaz, cuando menos, de haber precipitado tal resultado. No podemos concluir, al igual que lo hemos hecho en ocasiones anteriores, que la muerte sobrevino debido al desarrollo normal de la enfermedad, aunque este desenlace hubiese sido inevitable; y existen elementos de prueba suficientes para vincular el esfuerzo físico—aunque ordinario—que realizaba el obrero con el derrame sufrido. Véanse, *United States Fidelity and Guaranty Co.* v. *Messer*, 106 S.E.2d 313 (Ga. 1958); *Eureka Casualty Co.* v. *Phillips*, 233 F.2d 743 (C.A. 6, 1956); *Lederman* v. *Witty Bros.*, 156 N.Y.S.2d 305 (1956); *Grear* v. *P. J. Garvey Carting & Storage,- Inc.*, 200 N.Y.S.2d 684 (1960); Larson, *Workmen's Compensation Law*, vol. 1, sec. 38.83; McNiece, *Heart Disease and the Law*, págs. 17–18; 27 Ford. L. Rev. 462 (1958).

*Se revoca la resolución dictada por la Comisión Industrial en 15 de mayo de 1959 y se devuelve el caso para ulteriores determinaciones consistentes con esta sentencia.*

Así lo pronunció y manda el Tribunal y firma el señor Juez Presidente.

(Fdo.) Luis Negrón Fernández,
*Juez Presidente.*

Certifico:

(Fdo.) Ignacio Rivera,
*Secretario.*