Joe J. Smith *et al. v.* Bettie Humes Haire *et al.*[*]

(*Knoxville.* September Term, 1917.)

1.  WILLS. Administration.   Expenses.

While not debts of decedent, attorneys' fees incurred by an exec-
utor in propounding a will, may be paid out of the estate as
expenses of administration, unless the executor in propounding
the will was not acting in good faith.  (*Post, p.* 257.)

Cases cited and approved: Smith v. Haire, 133 Tenn., 343;
Lassiter v. Travis, 98 Tenn., 330; Douglas v. Baber, 83 Tenn.,
665; Smith v. Harrison, 49 Tenn., 230; Bowden v. Higgs, 77
Tenn., 346; Cornwell v. Cornwell, 30 Tenn., 487.

2.  WILLS. Administration.   Expenses.

A widow who through fraud and undue influence induced her
deceased husband to execute a will propounded it to probate.
Thereafter, on a contest instituted by the heirs at law, the
will was defeated and another established.  The widow dis-
sented from the true will, electing to take a homestead and
dower and a year's support.  *Held,* that fees to attorneys of
the successful contestant should be paid out of the estate as
an expense of administration, for without the contest the estate
would have been disposed of by the invalid will, and payment
of such fees cannot be denied on the ground that it would
diminish the widow's rights as a dissenting widow.  (*Post,
p.* 257.)

Cases cited and approved:  Weed's estate, Appeal of McGinnis,
163 Pa., 595; Seminary v. Botto, 117 Ky., 962.

FROM MONROE.

Appeal from the Chancery Court of Monroe County.
—Foss H. Mercer, Chancellor.

[*]On the question of liability of estate to attorney employed by
executor or administrator, see note in 25 L. R. A. (N. S.), 72.

On right of executor to allowance for attorney's fees for services
rendered in attempt to establish, or resist attack upon will, see note
in 26 L. R. A. (N. S.), 757.

---

Smith v. Haire.

---

D. C. Young, Dora E. Young, and J. C. Wilburn, for Joe J. Smith et al.

Green, Webb & Tate, and McCroskey & Peace, for Bettie Humes Haire et al.

Mr. Justice Lonsden delivered the opinion of the Court.

This suit was brought by certain attorneys to recover their fees for services rendered in the contest of the will of J. T. M. Haire, deceased. There is no question made as to the amount of the fees claimed, nor as to the fact of proper services having been rendered by the attorneys. The question presented is whether the attorneys for the successful contestants of a will are entitled to payment of their fees out of the estate as part of the expenses of adminstration.

A brief statement  of the case is that Mr. Haire died in July, 1912, leaving two paper writings purporting to be his last will and testament. One of them named the widow as executrix and the sole beneficiary of the estate of the testator. The other one gave certain properties therein mentioned to the widow for life and remainder to the heirs at law of the testator. The widow propounded the first will, and a contest thereof was instituted by the heirs at law, among other things, upon the ground that the will was procured by fraud and undue influence of the widow. These questions were submitted to the court and jury, who found against the will, and upon appeal the case was affirmed by the

court of civil appeals. This court affirmed the action of the court of civil appeals in an oral opinion. Later the case was before this court upon the claim of the widow for her attorneys' fees in defending the will. These fees were disallowed upon the ground that the widow was responsible for the fraud and undue influence which vitiated the will in her favor and did not propound it in good faith. *Smith* v. *Haire*, 133 Tenn., 343, 181 S. W., 161, Ann. Cas., 1916D, 527.

Expenses of this kind are not debts of the decedent. They are expenses incurred in the adminstration of the estate. This is true both as to compensation of executors, administrators, and their attorneys, and other persons who render services for the benefit of the estate. 18 Cyc., 443, 445. So it has been held that an executor who propounds a will for probate is entitled to his costs and attorneys' fees whether the will is set up or not. *Lassiter* v. *Travis*, 98 Tenn., 330, 39 S. W., 226; *Douglass* v. *Baber*, 15 Lea (83 Tenn.), 665; *Smith* v. *Harrison*, 49 Tenn. (2 Heisk.), 230; *Bowden* v. *Higgs*, 77 Tenn. (9 Lea.), 346; *Cornwell* v. *Cornwell*, 30 Tenn. (11 Humph.), 487; and in *Smith* v. *Haire, supra,* the element of good faith upon the part of the executor in propounding the will for probate was superadded.

The defendant as executrix propounded the fraudulent will by the terms of which she would have obtained the entire estate of the testator. If the contest had not been instituted, the real will of the testator would have been defeated, and his estate would have passed to

one for whom it was intended. The attorneys, seeking compensation out of the estate, succeeding in defeating the fraudulent will and in establishing the true will. After the fraudulent will was defeated, Mrs. Haire agreed that the other will was the true one, and it was admitted to probate. There can be no doubt but what the services of counsel in contesting the fraudulent will succeeded directly in establishing the true will. In this way their services inured to the benefit of the estate.

In reply to this it is said that the widow by dissenting from the true will was entitled to homestead and dower and year's support. Hence the contest of the fraudulent will not only deprived her of the entire estate of the testator, but, if compensation for counsel fees is charged against the estate, it will lessen her rights as dissenting widow. For these reasons, it is said that the services of counsel have not inured to the benefit of the estate, at least in so far as Mrs. Haire is concerned. But this does not meet the equities of the case, nor does it change the fact that the services rendered by counsel in contesting the will prevented the entire estate from being diverted from the wishes of the testator, and brought it in under the true will. The widow was defeated in her fraudulent attempt to obtain the whole estate when at most she was only entitled to homestead, dower, and year's support. This is not an injury of which she can complain. It is an injury in the sense that she was prevented from obtaining that to which she was not entitled, but such an in-

jury is never recognized as a basis of a legal right in courts of justice. The only injury of which she could justly complain is an injury to some right recognized by law. A bad-faith attempt to probate a fraudulent will under which she was sole beneficiary is not such a right. Her true rights were either under the will that was established, or, as dissenting widow. The expense incurred was due entirely to her attempt to obtain the entire estate in violation of the real wishes of her husband. Analogous cases are *Weed's Estate, Appeal of McGinnis,* 163 Pa., 595, 30 Atl., 272; *Seminary v. Botto,* 117 Ky., 962, 80 S. W., 177.

There is no question of the *bona fides* of the contestants, and there could not be. The *mala fides* of the widow is established by the previous adjudication of this court. The element of good faith is always pertinent in determining the right of a claimant to have the expenditure made in behalf of a decedent's estate charged as expenses to be paid out of the entire estate. *Smith v. Haire, supra.* This is a just rule which can injure no one; and its corollary to the effect that an executor, acting in bad faith in propounding a fraudulent will, cannot resist the payment of counsel fees out of the estate incurred in contesting such a will, appears to us to be equally just. Affirmed.