AMERICAN NATIONAL BANK, EXECUTOR, COMPLAINANT, AP-
PELLANT, *v.* ALLEN MEADORS *et al.*, DEFENDANTS,
APPELLEES.

(*Nashville,* December Term, 1930.)

Opinion filed March 14, 1931.

FYKE FARMER and BASS, BERRY & SIMS, for complainant, appellant.

AVERY HANDLEY, JOSEPH MARTIN, WM. J. WADE and ALFRED T. ADAMS, attorneys for Guardian *ad litem*.

C. H. RUTHERFORD, for defendants, appellees.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

Andy Meadors died testate, devising his estate to his widow for life, with remainder equally to his "relatives" and to the "relatives" of his widow. The complainant, as executor, filed suit in the Chancery Court of Davidson County, for construction and definition of the term "relatives." A large number of persons of kin to the testator were made defendants. Guardians *ad litem* were appointed for minors; one for those of kin to testator, and another for those of kin to testator's widow. The term was held to apply only to the next of kin of the testator and of his widow. *American Nat. Bank* v. *Meadors,* 161

Tenn., 184, 30 S. W. (2d), 246. None of the minor defendants was next of kin, and therefore none was adjudged to have any interest in the estate.

The present appeal is from a decree of the chancellor directing that each of the two guardians *ad litem* be paid $500 out of the estate of the testator, as costs of the case.

The amount so allowed is substantial, and the case is therefore not within the application of the cases holding that an appeal will not be entertained solely to review the action of a trial court in adjudging costs. Costs referred to in those cases were ordinary court costs. *State* v. *Bush,* 141 Tenn., 229; *Wright* v. *Eakin,* 151 Tenn., 681. The motion of appellees to dismiss the appeal is accordingly denied.

In *Smith* v. *Haire,* 138 Tenn., 255, an estate was being administered in which contestants had successfully resisted the probating of a fraudulent will. Compensation for the services so rendered by counsel for the contestants was adjudged against the estate as "expenses incurred in the administration of the estate," on the theory, and for the reason, that their services inured to the benefit of the estate. The court then said: "Expenses of this kind are not debts of the decedent. They are expenses incurred in the administration of the estate. This is true both as to compensation of executors, administrators and their attorneys, and other persons who render services for the benefit of the estate."

In the case before us, the administration of the testator's estate was embarrassed and halted by a patent ambiguity in the language of the will. The executor was unwilling to act without the aid of a court of equity, and filed a bill for the purpose of construction. The minor defendants were, so far as is shown by the record, making

no claims to any part of the estate, and the executor's uncertainty did not arise from any action taken or position assumed by them. It was necessary to the administration that they be made parties to the suit and that they be represented by guardian *ad litem* as counsel. The executor was interested only in executing the directions of the will, as they might be interpreted in this litigation, after a full and adequate consideration of the several theories made possible by the ambiguity in the will. The services of the guardians *ad litem* contributed to the progress of the suit, presenting to the court one of the two possible interpretations between which the executor was unable to choose for itself. In these circumstances, we think the chancellor was vested with a discretion to conclude, as in *Smith* v. *Haire,* that the two guardians *ad litem* had rendered their services in aid of the proper administration of the estate, that their services had inured to the benefit of the estate, and that their compensation would be a proper charge against the estate as an expense of its administration, to be taxed as a part of the costs of the suit.

The allowance of such fees as an item of expense in the administration of estates, by courts of equity jurisdiction, is generally sustained by authorities elsewhere. Page on Wills, section 1411; *Singer* v. *Taylor,* 91 Kan., 190, 137 Pac., 931, 37 Ann. Cas., 713, and note; *Woman's Union Missionary Society* v. *Mead,* 131 Ill., 338, 32 N. E., 603.

The decree of the chancellor is accordingly affirmed.