Travis *et al. v.* Randolph *et al.*

*(Nashville,* December Term, 1937.)

Opinion filed Feb. 12, 1938.

J. E. Travis and James A. Newman, both of Nashville, for appellant.

W. P. Cooper and Henry R. Burkitt, both of Nashville, for Annie Bertha Baggott.

Felix E. Polston, of Nashville, for Jesse Irvine Ragan.

Mr. Justice DeHaven delivered the opinion of the Court.

Mrs. Annie G. Hite, a resident of Nashville, Davidson county, Tenn., died on February 22, 1936, leaving the following last will and testament:

"September 10, 1935.

"My last will, written this date, revoking all others.

"I want my funeral to cost as much as is needed of One Thousand Dollars; Bass Wiles to have charge. The large pictures myself, Will and Leo's to go to Nannie Brigance of Gallatin, Tennessee. My O. E. S. ring to Mrs. A. H. Kroener of Evansville, Indiana.

"Chest of silver and piano to Annie Lee Ragan Palmer.

"China cabinet and contents to Myrtle Randolph.

"My large shefferobe to Jesse Irvine Ragan with its contents.

"My pearl ring to Fitz Ragan.

"My big double cased watch to Gay Ragan.

"My diamond cluster ring to Lula Talley.

"My opal and diamond ring to Maggie Ragan.

"My D of A insurance to Annie Bertha Baggott.

"Dr. Tigert is to be paid, all pictures except those mentioned above to go to Ida Baggott.

"All cash to be left in bank, the interest to be used for the upkeep of the graves of myself and W. S. Hite.

"All other belongings to go to Annie Bertha Baggott.

"Mr. J. E. Travis and Annie Bertha Baggott to act as administrator of this will.

"[Signed]     Annie G. Hite.

"Witnesses

"Mrs. W. L. Waldeck.

"Mrs. E. E. Crawford."

The testatrix wrote the will herself.

It is shown by the stipulation of facts that the testatrix, at the time of her death, was about sixty years of age. She lived in a rented house, in a state of seclusion. She was extremely frugal, and spent only what was necessary for her actual needs. When she died, she had a cash balance in the bank of $5,908.77. She owned no real estate. The items of personal property mentioned in the will ranged in value, as to each bequest, from $7.50 to $85, and aggregated approximately $300. The balance of her personal property had a value of $150.

The provision in the will that "All cash to be left in bank, the interest to be used for the upkeep of the graves of myself and W. S. Hite," is void as a perpetuity. *Fite* v. *Beasley*, 80 Tenn. (12 Lea), 328, 331; *Hornberger* v. *Hornberger*, 59 Tenn. (12 Heisk.), 635; *Waller* v. *Sproles*, 160 Tenn., 11, 22 S. W. (2d), 4. The chancellor so held, and his decree in this respect is not challenged. The provision being void, the chancellor held that the testatrix died intestate as to the cash in bank, and decreed that the same be distributed among her next of kin. From this decree, Annie Bertha Baggott has appealed to this court and assigned errors.

The question presented for determination is whether the cash in bank passed to appellant under the clause

"All other belongings to go to Annie Bertha Baggott," or whether, as to it, the testatrix died intestate. The contention of appellant is that the words just quoted constitute a general residuary clause, while appellees contend the words used constitute a specific bequest of the remainder of items of personal property belonging to the testatrix similar in character to those given to others by her will.

The intent and purpose of the testatrix, as ascertained from the entire will, was to give to appellant "All other belongings" not otherwise disposed of by the will. The words employed are sufficient in their import to constitute a general residuary clause. 69 C. J., 414; *Ford's Adm'r.* v. *Wade's Adm'r,* 242 Ky., 18, 45 S. W. (2d), 818, 80 A. L. R., 936. No intention on the part of the testatrix is manifested that the cash in bank should not pass under the clause in the event the provision with respect to keeping the cash in bank should fail. She made no bequest to some other person than appellant in the event of the failure of the provision. There is no enumeration in the residuary clause of the property intended to be given thereby.

In *Fite* v. *Beasley,* 80 Tenn. (12 Lea), 328, 332, 333, the court said:

"A general residuary devise or bequest would carry to the legatee not only the personal estate which the testator does not attempt to dispose of by his will, but also such personalty as had not effectually been disposed of, in which class would fall money bequeathed for a purpose void in law: *Reeves* v. *Reeves,* 73 Tenn. (5 Lea), 653, 655. And the mere enumeration of certain particular property in connection with the general words of disposition will not necessarily limit the comprehensive im-

port of the general words: *Williams* v. *Williams*, 18 Tenn. (10 Yerg.), 20; *Jarnagin* v. *Conway*, 21 Tenn. (2 Humph.), 50; *Edmondson* v. *Edmondson*, 1 Tenn. Ch., 563. It is otherwise, however, if in the residuary clause there is an enumeration of all the property intended to be given: *Perry* v. *High*, 40 Tenn. (3 Head), 349, 350. Or if the will plainly discloses a different intent: 1 Jar. Wills, 762. The question is one of the intent of the testator in view of the whole will, and the language of the residuary clause.

" 'A residuary bequest of personal estate,' says Sir William Grant, 'carries, not only every thing not disposed of, but every thing that in the event turns out not to be disposed of; not in consequence of any direct and expressed intention; for it may be argued in all cases that particular legacies are separated from the residue, and that the testator does not mean that the residuary legatee should take what is given from him; no; for he does not contemplate the case; the residuary legatee is to take only what is left, but that does not prevent the right of the residuary legatee. A presumption arises for the residuary legatee against every one except the particular legatee. The testator is supposed to give it away from the residuary legatee only for the sake of the particular legatee:' *Cambridge* v. *Rous*, 8 Ves., 12, 25. And therefore, says Lord Eldon, 'very special words are required to take a bequest of the residue out of the general rule': *Bland* v. *Lamb*, 2 J. & W., 399, 406. The presumption is that the testator did not intend to die intestate as to any portion of his property when he undertook to make a complete will, and excepts the special legacy out of the residuum only for the benefit of the legatee. The law, consequently, requires the use of

words clearly limiting the gift of the residue, and showing in express terms an intention to exclude such portions of his estate as may fail to pass under previous clauses of the will, in order to take it out of the general rule above stated: *King* v. *Woodhull,* 3 Edw., 79. The principle on which the court acts is plain enough, the only difficulty being in its application to particular cases: *Peay* v. *Barber,* 1 Hill Ch., 95.''

*Fite* v. *Beasley* was quoted with approval in the later case of *Milligan* v. *Greenville College,* 156 Tenn., 495, 505, 2 S. W. (2d), 90. On the same point see Pritchard on Wills & Administration, 474. Also 28 R. C. L., 341, and 69 C. J., 1072.

Appellees rely upon the case of *In re Koch's Estate,* 8 Cal. App., 90, 96 P., 100, 101. It appears from the opinion that the testatrix by her will made specific bequests of money to several persons. By a codicil to her will she provided: ''I leave to Mrs. Fanny Harper and Nettie Townsend all my belongings, furniture and clothes included.'' Both of these ladies had been given specific bequests of money in the will. The court said:

''If by the word 'belongings,' testatrix meant money, she evidently intended by the words used to give all her money to Mrs. Harper and Miss Townsend, because she said she left them all her belongings. The effect of such construction would be to destroy all the other bequests made in the will, and to give all her property to Mrs. Harper and Miss Townsend. It is evident that she had no such idea in her mind. . . . We are therefore of the opinion that by the words of the codicil she meant the furniture, clothes, pictures, jewelry, and things which she ordinarily used for her personal comfort.''

In the instant cause, construing the words ''All other belongings'' as embracing the cash belonging to the testatrix, upon the failure for invalidity of the clause providing that the cash was to be left in bank, with interest to be used for the upkeep of the graves mentioned, destroys none of the bequests to others. So, the instant cause is unlike the case just above referred to.

Such words as ''belongings,'' ''effects,'' etc., are always accorded that meaning by the court justified by the whole will. Annotation, 80 A. L. R., 936.

Our conclusion is that appellant, Annie Bertha Baggott, is entitled to take under the will the cash in bank left by the testatrix. Appellees will pay the costs of the cause.