336 S.W.2d 28 (1960)
In the Matter of the ESTATE of John S. EPPINGER, Deceased.
Petition of G.L. MORRISON and Hughie Ragan for Attorneys' Fees.
Supreme Court of Tennessee.
May 4, 1960.
Petition to Rehear Overruled June 6, 1960.
G.L. Morrison and Hughie Ragan, Jackson, pro se.
Waldrop & Hall, Moss & Benton, Jackson, for respondents.
*29 SWEPSTON, Justice.
This matter comes to us on direct appeal from the County Court of Madison County by petitioners who complain of the action of the County Court in sustaining a demurrer to their petition for attorneys' fees.
From the following discussion the ultimate and sole question emerges as to whether an attorney's fee will be allowed to attorneys employed only by the unsuccessful contestants of a will, even though the ordinary costs sometimes designated as "party to party" costs, as distinguished from extraordinary costs sometimes designated as "costs between solicitor and client" (Gillespie v. Federal Compress & Warehouse Co., 37 Tenn. App. 476, 499, 265 S.W.2d 21, 32), have been adjudged against the testator's estate on the theory that some benefit may result to the estate by bringing about a probate in solemn form at an early date.
The petition for attorneys' fees alleges in substance the following:
Subsequent to the probate in common form of the will of John S. Eppinger, deceased, at the instance of the trustees therein named, petitioners representing some of the lawful heirs of said deceased, filed the petition to contest said will; the contest was made in good faith on the theory that the testator was of unsound mind and was under undue influence at the time of the execution of the will, by reason of the fact that the will was executed on May 29, 1957, and the testator two months later, towit, July 16, committed suicide under suspicious circumstances indicating insanity at the time of his death; the jury failed to agree, whereupon the trial judge directed a verdict in favor of the will; contestants appealed to the Court of Appeals unsuccessfully and a petition to the Supreme Court for a writ of certiorari was denied; the Court of Appeals, however, reversed the trial court as to the matter of costs stating as follows:
"It appearing to this Court that in view of the fact that the testator committed suicide within two months after the will had been finally executed, the further fact that by the will the testator has set up a trust which may not terminate for approximately 15 years, and it is conceivable that the contest instituted at the time and prosecuted to this Court may result in some advantage to the estate, and particularly, its administration by said executors and trustees, we think the costs of the case should be paid by the executors and trustees from the assets of the estate of the testator * * * therefore, all costs will be paid from said testator's estate, including the costs in the lower court and in this Court;"
No assignment of error in behalf of the estate was directed at the above quoted action of the Court of Appeals.
The substance of the demurrer is as follows:
The petitioners were employed solely by the contestants and were acting solely for the benefit of contestants and in no sense for the benefit of the respondents; the petition further reflects that all services rendered were for the benefit of parties whose interests were directly adverse to that of respondents and the beneficiaries of said will; petitioners seek compensation for said services so rendered adverse to the interests of the respondents and beneficiaries of the will; no services or expenses were incurred which directly or indirectly benefited the respondents or the estate.
The Probate Court contrary to the insistence of petitioners held (1) the term "costs" as used by the Court of Appeals does not imply attorneys' fees; (2) the circumstances of testator's death, upon a careful review of the record, gave no special reason for a contest of his will; (3) the elements necessary to establish res adjudicata are not apparent in the language employed by the Court of Appeals respecting court costs, and does not establish that the contest of the will was beneficial to the estate.
*30 The assignments of error complain of these three rulings of the Probate Court. We think the second one is immaterial to a proper disposition of this case and hence pretermit any discussion of same.
The two principal insistences under the assignments of error are (1) that the question of the will contest having been a benefit to the estate was settled when the Court of Appeals taxed all costs against the testator's estate for that reason, and that the same was unappealed from, and (2) that the word "costs" necessarily included attorneys' fees for the unsuccessful will contestants unless the same were expressly excluded.
With reference to the first above proposition, as a matter of pleading, it is fundamental that a demurrer admits only facts that are well pleaded and reasonable inferences of fact but not deductions, inferences and conclusions of law. Gibson's Suits in Chancery, 4th Ed. Sec. 304; Farris v. Yellow Cab Co., 189 Tenn. 46, 222 S.W.2d 187.
Accordingly when we refer to the matter quoted from the opinion of the Court of Appeals, it will be observed that it amounted to nothing more than a statement in substance that the contest was made in good faith and that "it is conceivable that the contest instituted at the time and prosecuted to this Court may result in some advantage to the estate".
It is apparent, therefore, that this is not a finding of a fact as to benefits by the Court of Appeals but is a projection into the future of either a possibility or a probability. That Court could have assessed the costs as it did without assigning any reason therefor. That opinion of the Court of Appeals, therefore, is res adjudicata as to the assessment of costs but not as to the question of a benefit to the estate. This assignment is overruled.
With reference to the second insistence above, in support of same counsel cites American National Bank v. Meadors, 162 Tenn. 324, 326, 36 S.W.2d 86; Vanderbilt University v. Mitchell, 162 Tenn. 217, 227, 36 S.W.2d 83, 86; Davidson v. Gilreath, 38 Tenn. App. 291, 303, 273 S.W.2d 717, 722.
We think counsel's interpretation of these cases in this regard is erroneous.
The first of these three cases is explained and distinguished in Davis v. Mitchell, 27 Tenn. App. 182, 247, 178 S.W.2d 889, 915. The second of these cases is explained in Gilpin v. Burrage, 188 Tenn. 80, 89, 216 S.W.2d 732, 736.
Neither one of these cases is really in point on the question in the instant case; in each case the trustee filed a bill for a construction of the will and it was found necessary in the first case not only to appoint a guardian ad litem but also an amicus curiae, and similarly in the second case, but none of these parties, who were represented by attorneys not employed by the trustee, was actively asserting any adverse interest in an attempt to destroy the trust as in Davis v. Mitchell, supra, in which last case the fee was disallowed for that reason.
In the third of the above cases relied on by counsel the question of attorneys' fees is not mentioned.
As a matter of fact, the Meadors case, supra, is authority for just the opposite of the contention in behalf of plaintiff in error. It is there Held that the allowance of attorneys' fees are not ordinary costs. That point is also very clearly brought out in Gillespie v. Federal Compress & Warehouse Co., 37 Tenn. App. 476, 499, 265 S.W.2d 21, in which case an individual filed a suit against the Compress Company attacking its insurance program, but was unsuccessful. The ordinary costs were adjudged against the unsuccessful individual but the court declined to include counsel fees for the successful party; the distinction is pointed out between ordinary costs designated as "party to party" costs and extraordinary costs designated as "costs between *31 solicitor and client", which includes counsel fees.
We accordingly hold that an adjudication of costs does not include the allowance of attorneys' fees unless expressly so specified and this assignment is overruled.
We think it would unduly extend this opinion to attempt to analyze all the cases cited by respective counsel. The general summary of the law in this State is well stated by Tomlinson, Justice, in Gilpin v. Burrage, 188 Tenn. 80, 89 and 90, 216 S.W.2d 732; we see no need to repeat same. Counsel for plaintiff in error, however, have not cited any case wherein an unsuccessful contestant of a will has been allowed an attorney's fee to be paid out of the estate and the statement in Podesta v. Podesta, 28 Tenn. App. 282, 294, 189 S.W.2d 413, 418, is still true: "So far as we have been able to ascertain there is no reported case in this State in which the unsuccessful contestant of a will has been allowed to have the fees of his attorneys paid out of the estate. * * *" It is there further stated that this rule is supported by the great weight of authority.
While at the present moment we are unable to conceive of a situation where such an unsuccessful contest would be of benefit to a testamentary estate, we are not prophetic enough to deny such a possibility. We do think, however, that a rule allowing compensation out of the estate to an unsuccessful contestant is against public policy by reason of the great probability of abuse; it would encourage manifold and frivolous litigation that would not be for the promotion of the interests of the testator's estate but for the interests of the disappointed legatees or heirs and their counsel.
In the instant case finally, we see no merit in the suggestion of a benefit to the estate by the filing of this contest at an early date. It was filed for the individual benefit of the disappointed heirs and for the express purpose of destroying the will of the testator instead of in aid thereof. They undoubtedly had a right to file the contest but they have no right to have their counsel fees paid out of the estate; the Court of Appeals was generous when it allowed them ordinary costs.
The judgment below is affirmed.

On Petition to Rehear
A petition to rehear has been filed by Attorney Hughie Ragan in his own behalf in which it is insisted that the opinion of this Court released on May 4, 1960, overlooked the fact that said petition sought in addition to attorneys' fees what the present petitioner calls "actual costs" in addition to attorneys' fees.
Counsel is mistaken in two respects: first, what counsel is actually claiming is reimbursement for expenses that he alleged in the original petition and which he reiterates in the present petition to rehear, but they are actually not costs; and second, we did not overlook the allegations of the original petition for allowance of same.
Of course, counsel is entitled to costs of the will contest which was heard in the Circuit Court and on appeal, as allowed by the Court of Appeals. What he now seeks, however, has evidently not been adjudicated to be costs in the will contest proceedings and is now sought as above stated by way of reimbursement for stenographic work and expenses in the preparation of the will contest case on appeal which have not been included in those proceedings as proper costs.
Accordingly, in preparing the opinion we made no particular reference to the claim for the reimbursement of expenses because the attorneys' fees and such expenses as he now claims fall into the same category and are governed by the same principles applied in the original opinion to the question of attorneys' fees.
Therefore, the petition to rehear is overruled.