# HARRY BRIDGEFORD v. COREDA WILLIAMS, et al. —436 S.W.(2d) 453.

Western Section. December 15, 1967.

Certiorari Denied by Supreme Court June 4, 1968.

694

Mary Guidi and Harold Ratcliff, Memphis, for appellants.

Henry H. Hancock, Memphis, for appellee.

BEJACH, J.  This cause is an aftermath of the case of Williams v. Bridgeford, Executor, etc., et al., 53 Tenn. App. 381, 383 S.W.2d 770, and results from the denial by Hon. Greenfield Polk, Judge of Division 5 of the Circuit Court of Shelby County, Tennessee, of a petition filed by Mary Guidi and/or Coreda Williams for attorneys fees in that case. In that case there was involved the question of which of two wills executed by Martha Thornton was her last will and testament. Coreda Williams was named as executrix under a will executed by Martha Thornton February 13, 1953, and Harry Bridgeford was named as executor under a later will executed

by Martha Thornton March 31, 1961. Both wills were offered for probate in the Probate Court of Shelby County, Tennessee, and were certified by the Hon. Sylvanus Polk, judge of that court to the Circuit Court of Shelby County for determination, on an issue of devisavit vel non, which of said wills was the true last will and testament of Martha Thornton. The cause was tried in the Circuit Court as a contest of the will of March 31, 1961, with Coreda Williams as the contestant. The issue was found by the jury in favor of the will of March 31, 1961, and the judgment of the Circuit Court of Shelby County in favor of said will, based on the jury's verdict, was appealed to this Court by Coreda Williams where it was affirmed and the cause remanded. Miss Mary Guidi of the Memphis Bar represented Coreda Williams, in the will contest in the Circuit Court, on the appeal to this Court, and in preparation and presentation of a petition for certiorari to the Supreme Court, which was denied. After remand of the cause, Miss Guidi filed a petition in the Circuit Court praying for the granting to her of an attorneys fee in the amount of $7,000 for services in the aforesaid litigation. Proof in her favor includes valuation of her services all the way to the Supreme Court. Harry Bridgeford, through his attorney, filed an answer in which he contended that Miss Guidi was not the proper person to file said petition, that it must be filed, if at all, by Coreda Williams. By permission of the Circuit Court Judge, the petition was amended by interlineation so as to show that it was the petition for attorneys fee of Mary Guidi and Coreda Williams, executrix and proponent of the last will and testament of Martha Thornton, dated the 13th day of February 1953. After a hearing at which Coreda Williams testified as witness of the court and was cross examined by both counsel for Harry Bridge-

ford and Miss Guidi, the court held "That neither Mary Guidi nor Coreda Williams is entitled to an attorneys fee under the circumstances of this case." It was ordered, adjudged and decreed that the petition for attorneys fee be denied. After a motion for a new trial had been overruled, both Coreda Williams and Miss Guidi appealed to this Court.

The general rule on the subject of attorneys fees is stated by the Supreme Court in Gilpin v. Burrage, 188 Tenn. 80, 89, 216 S.W.2d 732, 736, as follows:

"Ordinarily one who did not employ an attorney cannot be required to pay that attorney a fee even though the services of the attorney may have been of value to such person. Draper v. Draper, 24 Tenn.App. 548, 553, 147 S.W.2d 759. An exception has been made at times with reference to legal services rendered in connection with the estate of a decedent or trust."

Phillips' Pritchard's Wills and Estates, section 378, says:

"An executor who in good faith propounds a will for probate is entitled to his costs and attorneys' fees whether the will is set aside or not."

In Lassiter v. Travis, 98 Tenn. 330, 39 S.W. 226, which case is mainly relied on by counsel for appellants, it was held:

"The nominated executor, who acts in good faith, is entitled to have the costs and reasonable attorney fees incurred by him in an unsuccessful effort to have the will probated, paid out of the assets of the estate, although he was a legatee and the only person interested in sustaining the will."

■ Counsel for appellee undertakes to distinguish the Lassiter case, and we think successfully, by pointing out that the fee allowed in the Lassiter case was for benefit of counsel for the executrix in an unsuccessful attempt to probate the will. He further points out that there is no reported decision in the State of Tennessee, nor elsewhere in the United States, so far as can be ascertained, which holds that there is any duty for the named executor or executrix in an earlier unprobated will to contest a later will which appears on its face to meet the legal requirements of the statutes and case law of the jurisdiction. To the contrary, both this Court and the Supreme Court have held that counsel for an unsuccessful contestant of a will cannot be paid out of the assets bequeathed by the will. Podesta v. Podesta, 28 Tenn.App. 282, 294, 189 S.W.2d 413; In re Eppinger's Estate, 207 Tenn. 53, 336 S.W.2d 28. In the Podesta case, Mrs. Elizabeth Podesta and Mrs. Emma Fransioli, sisters of Charles Podesta, deceased, had successfully prevented the probate of a holographic will made by Charles Podesta in 1933, on the ground that it was not found among his valuable papers. Later, however, after a 1915 will was found, executed with all the formalities required by law, the holographic will of 1933 was admitted to probate as a valid will of personalty, and a codicil to and part of the will of 1915, the two instruments together being adjudged to be and constitute the whole and true will and testament of the said testator. (Fransioli v. Podesta, 175 Tenn. 340, 134 S.W.2d 162). Mrs. Elizabeth Podesta and Mrs. Emma Fransioli then sued Mrs. Elizabeth Stagner Podesta, individually and in her capacity as executrix of the will of Charles Podesta, for unpaid legacies to them under the 1915 will, and for their attorneys fees and expenses in contesting the 1933 will. This

Court, in an opinion written by Ketchum, J., held that the 1933 will, as a codicil to the 1915 will, revoked the legacies sued for and that Mrs. Elizabeth Podesta and Mrs. Emma Fransioli were not entitled to recover their attorneys fees incurred in contesting the 1933 will. From the opinion we quote, as follows:

"It is their contention that they were given substantial legacies under the 1915 will and that so long as the widow remained executrix of that will it was her duty in every way possible to uphold that will; and that when she sought to have the 1933 will established, the duty devolved upon them as contestants to try to sustain the 1915 will.

It is true that complainants had the right as legatees under the 1915 will to contest the later one, and that in doing so they acted in entire good faith. But they were under no obligation to contest the 1933 will, and we cannot see that in doing so they were acting in the interest of the estate. Manifestly, they did so with the hope of saving their legacies for themselves rather than with a view of rendering a service to the estate. It is true that their attorneys have represented them with great skill and ability throughout the entire litigation, but, as we see it, their services were rendered to the complainants and have not resulted in any benefit to the estate." Podesta v. Podesta, 28 Tenn.App. 294, 189 S.W.2d 418.

In the Eppinger's Estate case, the sole question before the Supreme Court was whether or not fees should be allowed attorneys employed by unsuccessful contestants of a will. That case resulted from a former case in which petitioners representing some of the lawful heirs of the

deceased had in good faith contested the will of deceased on the ground that he was of unsound mind and under undue influence at the time of the executing of his will, which left his estate in trust. The Court of Appeals affirmed a judgment of the lower court which sustained the will; but with reference to costs, said: "It appearing to this Court that in view of the fact that the testator committed suicide within two months after the will had been finally executed, the further fact that by the will the testator has set up a trust which may not terminate for approximately 15 years, and it is conceivable that the contest instituted at the time and prosecuted to this Court may result in some advantage to the estate, and particularly, its administration by said executors and trustees, we think the costs of the case should be paid by the executors and trustees from the assets of the estate of the testator * * * therefore, all costs will be paid from said testator's estate, including the costs in the lower court and in this Court."

The Supreme Court held that costs adjudged in the former case did not include attorneys fees. The Supreme Court, after reviewing authorities relied on by petitioners, said:

"As a matter of fact, the Meadors case [American Nat. Bank v. Meadors], supra, (162 Tenn. 324, 326, 36 S.W.2d 86) is authority for just the opposite of the contention in behalf of plaintiff in error. It is there held that the allowance of attorneys' fees are not ordinary costs. That point is also clearly brought out in Gillespie v. Federal Compress & Warehouse Co., 37 Tenn.App. 476, 499, 265 S.W.2d 21, in which case an individual filed a suit against the Compress Company attacking its insurance program, but was unsuccessful.

The ordinary costs were adjudged against the unsuccessful individual but the court declined to include counsel fees for the successful party; the distinction is pointed out between ordinary costs designated as 'party to party' costs and extraordinary costs designated as 'costs between solicitor and client', which includes counsel fees.

We accordingly hold that an adjudication of costs does not include the allowance of attorneys' fees unless expressly so specified and this assignment is overruled.

We think it would unduly extend this opinion to attempt to analyze all the cases cited by respective counsel. The general summary of the law in this State is well stated by Tomlinson, J., in Gilpin v. Burrage, 188 Tenn. 80, 89 and 90, 216 S.W.2d 732; we see no need to repeat same. Counsel for plaintiff in error, however, have not cited any case wherein an unsuccessful contestant of a will has been allowed an attorney's fee to be paid out of the estate and the statement in Podesta v. Podesta, 28 Tenn.App. 282, 294, 189 S.W.2d 413, 418, is still true: 'So far as we have been able to ascertain there is no reported case in this State in which the unsuccessful contestant of a will has been allowed to have the fees of his attorneys paid out of the estate. * * *' It is there further stated that this rule is supported by the great weight of authority.'' In re Eppinger's Estate, 207 Tenn. 59-60, 336 S.W.2d 30.

In the instant case, Coreda Williams testified that she hired Miss Guidi as her personal attorney, knew that she would have to pay her attorney, that she instructed her attorney to appeal the case after it was lost, and

that she was hoping that she would win the case in order that she would get enough money from the estate to pay her attorney's fee.

In the case at bar, as was said of the contestants in Podesta v. Podesta, Coreda Williams contested the 1961 will of Martha Thornton for her own benefit exclusively; and, therefore, it is our opinion that it is to her that Miss Guidi must look for compensation for conducting that contest. Codera Williams, as executrix under the will of Martha Thornton, dated February 13, 1953, was, however, in our opinion, not only within her rights, but she had a duty to offer that will for probate. Consequently, she had the right to employ an attorney for that purpose; but we know of no reason why she was obligated to contest the 1961 will in the Circuit Court, or in this Court, and on to the Supreme Court. The proof as to the value of the services of Miss Guidi includes her services in the Circuit Court in the Court of Appeals and in preparation of the petition for certiorari to the Supreme Court which was denied. Remuneration for those services is clearly an obligation of Coreda Williams and not of the estate of Martha Thornton. Whatever claim Coreda Williams may have against the estate of Martha Thornton for reimbursement or acquittal of her obligation to pay her attorney, Miss Guidi, is, however, in our opinion, limited to the services rendered by Miss Guidi in the Probate Court of Shelby County, Tennessee, and excludes any compensation for services of Miss Guidi in the Circuit Court of Shelby County, the Court of Appeals, or the Supreme Court. As appears from the sworn petition of Miss Guidi and Coreda Williams, Harry Bridgeford has not yet qualified as executor under Martha Thornton's will dated March 31, 1961. It is

therefore our opinion that whatever claim Coreda Williams may make for compensation for services of Miss Guidi should be filed by her in the Probate Court. That was the procedure approved by this Court in the case of In re Lewis' Estate, 45 Tenn.App. 651, 325, S.W.2d 647.

Our conclusion is that all assignments of error filed in this Court by Miss Mary Guidi and/or Coreda Williams must be overruled and the judgment of the Circuit Court of Shelby County, Tennessee, affirmed.

The costs of the appeal will be adjudged against Coreda Williams, her appeal having been *in forma pauperis,* and against Miss Mary Guidi and her surety on her appeal bond.

Avery, P. J. (W. S.), and Carney, J., concur.