Polly LEE et al., Appellants,

v.

William T. HALE, Executor, Appellee.

Supreme Court of Tennessee.

Jan. 30, 1978.

Rehearing Denied March 13, 1978.

Clinton R. Anderson, Anderson & Anderson, Morristown, for appellants.

H. Scott Reams, Taylor, Tilson, Inman, Reams & Lawson, Morristown, for appellee.

OPINION

HARBISON, Justice.

This case involves the construction and interpretation of the will of Helen D. Parkinson, deceased.

Administration of the estate was transferred to the Chancery Court of Hamblen County, Tennessee, where, among other things, the Executor sought a construction

of language in the will bequeathing personal possessions to the Brookshire and Parkinson families. Specifically the issue was whether cash in bank accounts owned by the decedent passed under this bequest.

The parties on appeal are two nonprofit organizations, beneficiaries under a general residuary clause, and the members of the two families named. The Chancellor held that the bank accounts passed to the members of these families.

The relevant sections of the will are as follows:

"SECTION II

I hereby declare that the following specific bequests and devises be made out of my estate:

A. I hereby give devise and bequeath the sum of $1,000.00 unto MRS. POLLY LEE, of Russellville, Tennessee.

B. I hereby give, devise and bequeath the sum of $1,000.00 unto MIKE LEE, of Russellville, Tennessee.

C. I hereby give, devise and bequeath the sum of $1,000.00 unto FRANKLIN DRAPER, of Whitesburg, Tennessee.

D. I hereby give, devise and bequeath the sum of $1,000.00 and my antique bread tray unto JOYCE DRAPER of Whitesburg, Tennessee.

E. I hereby give, devise and bequeath the sum of $500.00 unto AILEEN W. EDWARDS, of Riceville, Tennessee.

F. I hereby give, devise and bequeath the sum of $500.00 unto LOU ELLA McMAHAN, of 1023 Pine Mountain Road, Forest Park, Georgia.

G. I hereby give, devise and bequeath the sum of $500.00 unto MRS. TRASIE CATE and her daughter, HAZEL.

H. I hereby give, devise and bequeath my bedroom suite unto MR. VERNON HAUN and his wife, of Whitesburg, Tennessee.

I. I hereby give, devise and bequeath my organ unto MRS. ERNEST HAMPTON, of Trenton Kentucky.

J. I hereby give, devise and bequeath my clock and coffee mill unto MRS. HARVEY HUGHES, of Trenton, Kentucky.

K. I hereby give, devise and bequeath my dresser unto LANE PARKINSON, of Windswept Lane, Kingston, Tennessee.

After the above specific bequests and devises have been made, the BROOKSHIRE and PARKINSON families may have any other of my personal possessions which may be left.

SECTION III

If my estate should not contain sufficient monies for the above specific bequests, then I empower my Executor to sell all the real and personal property which I may own at my death in order to obtain such money. However, he shall not have the power to sell those *specific items of personality which I have heretofore bequeathed. If there be sufficient monies to permit the the (sic) specific bequests, I empower my Executor to sell all of my remaining property, both personal and real, and to liquidate my estate.* (Emphasis supplied.)

Section IV

I hereby, give, devise and bequeath the residue and remainder of my estate to the HAMBLEN COUNTY CHAPTER OF THE AMERICAN RED CROSS and THE HAMBLEN COUNTY RESCUE SQUAD to be divided equally as both organizations are for a worthwhile purpose and are of benefit to a large number of people."

There were two codicils to the will, one of which changed the bequest of the organ contained in paragraph I to Walter W. Brookshire and the second added five hundred dollars ($500.00) to the bequest to Mrs. Harvey Hughes of Trenton, Kentucky, in addition to the clock and coffee mill given to her. The second codicil also changed the alternate executor, but otherwise confirmed the terms and provisions of the principal will.

A brief stipulation filed by the parties shows that some of the beneficiaries named in the bequests in Section II are members of the Parkinson family and the Brookshire family, but there are other members of these families who are not mentioned in the

specific bequests. The relationship of the testatrix to these families does not appear in the record. The members of these two families were permitted to select and have "any other personal possessions" of testatrix. The will says they "may have" these; it does not mandate any distribution but is purely permissive in its terms.

The stipulation says that the estate included real estate and money in bank accounts. The original complaint describes certain real property as consisting of 36.30 acres, and in oral argument the Court was told that the amount in bank accounts held by testatrix at the time of her death was a large sum, consisting of about fifty thousand dollars.

The Chancellor held that it was the intention of the testatrix to include her bank accounts and money in the bequest to the Brookshire and Parkinson families. In his memorandum opinion he stated:

"Her intention appears so evidenced because she made seven bequests of money, and four of other personalty, and then provided ' . . . *other* of my *personal possessions* to . . . .' Clearly, she considered her money as personal possessions because she referred to it as such."

The Chancellor relied heavily on the case of *Travis v. Randolph*, 172 Tenn. 396, 112 S.W.2d 835 (1938), where it was held that the word "belongings" included money. The Chancellor felt that the words "personal possessions" in the present will were broader than the word "belongings" in the *Travis* case.

In *Travis*, however, the testatrix had no other residuary clause except the one referring to "all other belongings", and the Court was faced with the alternative of permitting bank accounts to pass under that language or leaving the decedent partially intestate.

There is no such problem in the present case, because the provisions of Section IV are clearly a general residuary clause, disposing of all assets which had not otherwise been bequeathed. Not mentioned by the Chancellor or referred to in the briefs of the parties are the provisions of Section III of the will which deals in some detail with money belonging to the testatrix. This section seems to be important in the testamentary scheme. The first section of the will provided generally for payment of debts and funeral expenses out of the principal of the estate. Section II, as amended by codicils, made specific bequests and then general authorization for the family members to have "any other of my personal possessions which may be left." Section III then dealt in detail with the bank accounts of the testatrix, and this was followed by a general residuary clause in Section IV leaving the residue of the estate to the named charities. The language of this residuary clause is mandatory, not permissive like the last sentence of Section II.

From this testamentary scheme it appears that the beneficiaries named in Section II were the first but also the specifically limited objects of the bounty of the testatrix. She directed the sale of other personal property than that specifically bequeathed or even of her real estate to pay the monetary bequests contained in Section II if her bank accounts were insufficient. If these accounts were sufficient, however, she then directed that all of the rest of her property could be sold and converted to cash, including her real estate, and all of this remainder passed under Section IV, subject to the family members having any "personal possessions" which they wished.

While admittedly the provisions of the will are not clear, we do not believe that the testatrix merely intended to devise her real estate to the charities named in Section IV and her entire personal estate to the persons named in Section II as held by the Chancellor and as contended by the members of the two families involved. No such intention appears. The entire estate was to be, or could be, liquidated and converted into cash except those specific items of personalty bequeathed in Section II and "any other of my personal possessions which may be left", these latter to go to the family members if they wanted them.

Under these circumstances it seems to us that the terms "personal possessions" used in the last portion of Section II had reference to tangible personal belongings of the testatrix, and not to her bank accounts. She gave specific sums of money to eight persons, but otherwise did not refer to money in Section II. She did refer to it in Section III and was quite concerned, apparently, as to whether her funds would be sufficient to meet the specific bequests listed in the previous section. She made special provisions if they were not. If the funds were sufficient, however, it does not appear to us that she intended for the surplus to pass under Section II but rather under the general residuary provisions of Section IV immediately following.

Since the testatrix so carefully spelled out the amount of money which she wished to go to particular members of the Parkinson and Brookshire families, as well as to other named individuals, and since she delineated and gave special treatment to certain items of personal property, then authorized everything else to be sold and converted into cash except "any other of my personal possessions which may be left", we are of the opinion that the latter phrase had reference to items of tangible personal property in and about the farm and home of the testatrix, and not to her cash in banks.

Accordingly the decree of the Chancellor is reversed and the cause is remanded for further proceedings, at the cost of appellees.

COOPER and BROCK, JJ., concur.

FONES, J., and HENRY, C. J., dissent.

FONES, Justice, dissenting.

I respectfully dissent.

It is elementary that a general residuary clause embraces only those assets of the estate that remain undisposed of by the remainder of the will. *See Travis v. Randolph, supra.*

Conceding that the residuary clause in Section IV of the will is not restricted to real property sheds no light on the issue presented here, to it, the testatrix's intent to include cash in bequeathing to the Brookshire and Parkinson families "any other of my personal possessions which may be left."

It may also be observed that the residuary clause uses only the words "the residue and remainder of my estate," and does not expressly designate real and personal property as included therein. If testatrix intended the last section in Section II of her will to be a residuary clause, as I believe she did, disposing all her personal assets remaining after satisfying the specific bequests of cash and furniture in paragraph eight of that section, the language of the residuary clause in Section IV would not preclude such an interpretation.

I agree with the learned Chancellor's conclusion that Mrs. Parkinson intended to dispose of all of her personal estate, including money "which may be left," after satisfying the seven specific bequests of cash and the five bequests of specific items of household furnishings.

The entire last paragraph of Section II of the will and each word thereof must be given its usual and natural meaning, rather than focusing only on the words "personal possessions," as appellant's advocacy does.

The testatrix said, after payment of the above specific bequests and devises, the Brookshire and Parkinson families may have "*any other* of my personal possessions *which may be left.*" The fact that the specific bequests were of both cash and selected items of household furniture places added significance on the words "*any other . . . which may be left,*" to wit: any other money and furniture and similar property left after payment and delivery of specific bequests.

I would affirm the decree of the trial court.

HENRY, C. J., concurs in the dissent.

OPINION ON PETITION TO REHEAR

HARBISON, Justice.

Insofar as the merits of this case are concerned, the majority of the Court adhere

to the views expressed in the original opinion, and the petition for rehearing is denied.

The Court is of the opinion, however, that the petition for rehearing does have merit insofar as the taxation of costs is concerned, and upon reconsideration, the petition to rehear will be granted as to that aspect of the case, and all costs will be taxed to the estate of Helen D. Parkinson.

The issue of an award of fees to counsel for appellees has not previously been raised on appeal in this case, but upon remand, the Chancellor may hear such evidence and make such determination with respect thereto as, in his discretion, he deems appropriate.

COOPER and BROCK, JJ., concur.

HENRY, C. J., and FONES, J., dissent.