## IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

FILED

**June 25, 1999**

**Cecil Crowson, Jr.**
**Appellate Court**
**Clerk**

| | | |
|---|---|---|
| IN RE: | ) | SULLIVAN CHANCERY |
| ESTATE OF | ) | (No. P-95-8140) |
| FRANCIS M. LOGWOOD, | ) | |
| DECEASED_____ | ) | NO. 03A01-9902-PB-00042 |
| | ) | |
| _____ | ) | HON. RICHARD E. LADD |
| _____ | ) | CHANCELLOR |
| | ) | |
| _____ | ) | AFFIRMED |

Joel A. Conkin, Kingsport, for the Appellant.
Shelburne Ferguson, Jr., Kingsport, for the Appellee.

## O P I N I O N

INMAN, Senior Judge

## I

The testator, Francis M. Logwood, died November 14, 1995. The issue in this case is the proper interpretation of a holographic codicil to his will. The codicil reads:

3-10-93

I write this addition to my will on this day, of my personal belongings Grandfather Logwood's gold pocket watch, in my top left hand drawer of chest of drawers in front bedroom, shall go to Jimmy Broome of Greenville, SC or the great grandchild-
All of my model railroads are to go to my brother-in-law Douglas Nelson, Sr.
All bank cars etc. are also to be Douglas Nelson, Sr. -My new Buick if in good condition shall be given to Douglas Nelson, Sr.
All cameras, slides, movies and VCR tapes are to go to my daughter Sharon - This includes albums and projectors
All furniture in the house shall be given to the Nelson family that came from the old home place -
Sharon shall have say so of all others -
The will shall be followed thru by Sharon with the help of Douglas Nelson, Sr.
I write this will so that my personal belongings go to those I wish to have them. I'm in sound mind and good health as I write this.

Francis M. Logwood (Signature)
March 10, 1993

The executrix and widow, Wayne Rule Logwood, proposed to distribute the net estate to herself pursuant to the provisions of the will. The daughter of the testator from his first marriage, Sharon L. Jones, objected to such proposed distribution for the reason that the language "Sharon shall have say so of all other personal belongings" gave her a general power of appointment over all of the testator's personal property not otherwise specifically devised by the codicil.

The Chancellor, sitting in Probate, held that the codicil was not ambiguous, and that it was the intent of the testator that Sharon L. Jones would have decision-making power only as to tangible, personal property such as that mentioned in the codicil, which excluded cash, corporate stock, and bonds. The experienced Chancellor explained:

THE COURT:
> These cases are always difficult where there is a death of one spouse and the remarriage of the surviving spouse, and especially difficult when the property can be traced to the deceased's spouse's side of the family and goes to the new spouse. The children feel like they have some inherent right to get the property their parents had. Under the law, there's no inherent right for that. I think it's all too easy for children with that thought to overlook that -- the comfort a new spouse may give to their parent. In any event, I feel there's no ambiguity here; but, as Ms. Jones said, Mr. Logwood changed his mind a lot. I don't have any doubt that he told her and his son-in-law that this stock that had belonged to Betty Logwood would come to her, but he didn't do that, and I don't think there's any ambiguity here. The codicil clearly is just to take care of tangible, personal property. Looking at the entire -- both instruments and all of the surrounding circumstances, I don't feel like there's any doubt in that. I'm not saying it's fair for the present Ms. Logwood to get stock and money that came through Betty Logwood. That's not the purpose here today. The purpose is to interpret the intent of Mr. Frances Logwood, and I think his intent was clear -- that the things that meant the most to him -- tangible, personal property -- that had some intrinsic value to the family would go back to the family; whereas, those that really had no intrinsic value -- money -- he felt like should go to his spouse, to see that she was taken care of the rest of her life. So I find that the codicil only applies to the tangible, personal property -- the furniture, clothes, automobile, trains. It did not apply

to any bank accounts, stocks, bonds or other intangible, personal property.

## III

Ms. Jones appeals, and presents for review the issue of whether the "power of appointment" was limited to tangible personal property, and the additional issue of whether she was entitled to recover her attorney's fees from the estate.

Our review of the findings of fact made by the trial Court is *de novo* upon the record of the trial Court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. TENN. R. APP. P., RULE 13(d); *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26 (Tenn. 1996).

## IV

Before his marriage to Wayne Rule Logwood, the testator was married to Bettye Nelson Logwood for over forty years, with whom he had his only child, Sharon Logwood Jones. Ms. Bettye Nelson Logwood, who died on January 26, 1991, owned, among other items, shares of AT&T, BellSouth, and Potomac Electric Company stock, which she had inherited from her mother, Mary Inman Nelson. This stock was bequeathed to Francis Logwood by his wife, Bettye Nelson Logwood.

The testator married Wayne Lockard Rule on December 18, 1992, and on that day they executed an Antenuptial Agreement which provided that "each party recognizes that the other has obligations toward his and/or her family that should be protected by means of this Agreement . . ." Specifically, the Agreement protected the individual assets owned by each party prior to the marriage from any claims of elective share, homestead, curtesy, and year's support by the surviving spouse. It also provided that the testator was to provide a trust funded by his probate estate for the benefit of Wayne Rule Logwood for her life with the

remaining principal and accumulated income to pass to Sharon Logwood Jones outright and free of trust.

The testator did not set up such a trust in his Will; rather, his typewritten Last Will and Testament left all of his property both real and personal, tangible and intangible, to Wayne Rule Logwood outright, subject to the codicil which he wrote about a month later.

The codicil refers to specific items of personal property: "Grandfather Logwood's gold pocket watch, all bank cars, my new Buick, all camera, slides, movies and VCR tapes, albums and projectors, all furniture in the home that came from the old home place." We agree with the Chancellor, under familiar rules of construction to ascertain the intent of the testator, that the codicil only applied to tangible personal property as described in the codicil, and that the testator did not intend to include intangible property.

The meaning of the words "Sharon shall have say so of all others" should be ascertained from the context of the codicil which will ensure that the disposition of the testator's assets will be according to his volition. *Moore v. Neely,* 370 S.W.2d 537 (Tenn. 1963).

In *Lee v. Hale,* 562 S.W.2d 190 (Tenn. 1978), the Supreme Court held that the phrase "any other of my personal possessions which may be left" had reference to items of tangible personal property, and not to cash in banks, following the generally accepted rule that where the testator used words in a certain sense, the Court should do likewise. 80 Am.Jur. Wills, 1156.

The appellant argues that, in context, the words "Sharon shall have say so of all others" should be read as "Sharon shall have say so of all other personal belongings," because "others" refers to the phrase "personal belongings," which encompasses intangible property such as cash, citing *Travis v. Randolph,* 172 Tenn. 396 (Tenn. 1938). We agree with the appellee that both the will and the

4

codicil should be studied to ascertain intent, which impels the conclusion that the testator intended to bequeath certain family items to other family members.

## V

The Chancellor disallowed attorney fees to the appellant, who argues that 'a prospective beneficiary should be awarded her attorney fees when a suit for construction inures to the benefit of an estate, citing *Leaver v. McBride,* 506 S.W.2d 141 (Tenn. 1974). This case is not apposite, because the will (in *Leaver*) "had to be construed" and "the testatrix's true intent was established." Moreover, the beneficiaries who claimed their attorney fees were impleaded by the Executor, unlike the appellant in the case at Bar, who instituted this litigation.

We are unable to fathom any benefit accruing to the *Logwood* estate as a result of the filing of the objections to the final distribution of assets by a beneficiary claiming more than the will and codicil bequeathed her. The Chancellor held that the codicil was not ambiguous. We agree. He also held, by implication, that the grounds stated in the objection would have defeated the testator's intention, and that the litigation did not benefit the estate. *See, In re Eppinger's Estate,* 336 S.W.2d 28 (Tenn. 1960). We agree.

The judgment is affirmed at the costs of the appellant.


_____
William H. Inman, Senior Judge

CONCUR:


_____
Herschel P. Franks, Judge

_____
Charles D. Susano, Jr., Judge